ERNST DOTHAGE, Defendant in Error, v. GEORGE STUART, Plaintiff in Error.

*Ejectment—Improvements.*—The provisions of the statute of Ejectment (R. C. 1855, p. 694, §§ 20-1) give to the defendant in the ejectment the right to recover the value of the improvements made by him in good faith, before notice of the defect in his title. The remedy is given to him, who, although without title, has made improvements believing that he had a good title, and he is not confined to his remedy against his grantor.

*Error to Warren Circuit Court.*

*Wells, Morrey,* and *W. H. Lackland,* for plaintiff in error.

The demurrer was improperly overruled,

I. Because it does not on the face of the petition appear that the lands alleged to be sold to plaintiff, were located in the 16th section in lands selected in lieu thereof; but, on the contrary, that they were located in section 11.

II. Because the plaintiff's remedy is not against the defendant, but against the County of Warren.

III. Because the petition should aver that the lands sold to Fort and then to plaintiff, were school lands, to give plain-

tiff a title by virtue of which he could maintain an action for damages under the statute.

In trespass for entering a close and carrying away a quantity of corn, a plea " that the corn was taken by a constable under an execution, and as the property of M., and sold to defendant," is defective in not averring that the corn was the property of M. (Terrill v. Thompson, 3 Bibb, 272.) The mere possession of public lands without title will not enable a party to maintain an action against any one who enters upon it; and more especially he cannot maintain it against a person holding title derived from the proper officers of the government. (Burgess v. Gray et al., 16 H. R. 65; 15 Mo. 220; Pratt v. Brown, 3 Wis. 603; Hamilton v. Waters, 3 Iowa, 556.)

*J. B. Henderson*, for defendant in error.

I. It is not necessary that Dothage should have had a good title to the land, for in such case no damages for improvements could ever be recovered; if he had good title, no judgment of dispossession could have been given against him. The only question to be considered is the *bona fides* of the party making the improvements. Did he put the labor on the land believing it to be his own, and did he do so before notice of the adverse title?

II. The petition states that Fort purchased the lands as school lands, as early as 1840, at public sale, they having been sold by the County of Warren. A patent for the lands was issued to him by the State of Missouri, December 1, 1842. Jno. L. Fort, the purchaser, conveyed to Emily Fort in good faith, and she in good faith sold and conveyed to the plaintiff Dothage. Stewart, with full knowledge of all the facts, entered the lands in 1855, fifteen years after the purchase by Fort, and having procured a patent recovered possession of the premises by action of ejectment, the patent title being thought superior. The words of the petition are as follows, to-wit: " That the plaintiff and those under whom he claims purchased said lands, entered on it and made the

above improvements thereon as aforesaid, in good faith, and at the time believing that their title was good and valid;" and further, " that this was all done prior to the entry made by defendant, or before they or either of them had any notice of the defendant's claim." If the improvements were made in good faith, believing the land to be their own, they must have been made in ignorance of any outstanding title in the government.

III. Therefore the facts stated in the petition are sufficient to constitute a cause of action. There is equity in the claim. It falls within the terms and is set up in the words of the statute. The fact that the land was public land makes no difference, provided there was color of title in plaintiff, at the time of making the improvements, sufficient to induce him to believe that the land was his.

IV. If the 16th section was encumbered by action of the government or the title had passed to third persons, other selections could be made, and the mere fact that the 11th section instead of the 16th was in this case sold, amounts to nothing.

DRYDEN, Judge, delivered the opinion of the court.

The respondent being in possession of a part of section 11, in township 45, N. R. 3 W., in Warren county, the plaintiff in error holding the better title, sued in ejectment and recovered judgment for possession. The respondent thereupon instituted the present suit to recover compensation for his improvements. The petition was demurred to; the demurrer was overruled, and judgment for the respondent; and the defendant below has brought the case here by writ of error.

It is provided by the 20th section of the ejectment law (R. C. 1855, p. 694), that "If a judgment or decree of dispossession shall be given in an action for the recovery of possession of premises, or in any real action, in favor of a person having a better title thereto, against a person in the possession (held by himself or his tenant) of any lands,

17—VOL. XXXV.

tenements or hereditaments, such person may recover, in a court of competent jurisdiction, compensation for all improvements made by him in good faith on such lands, tenements or hereditaments, prior to his having had notice of such adverse title." The 21st section provides that " the plaintiff in his petition shall set forth the nature of his title, the length of his possession, and the kind and value of the improvements made ; and shall also aver therein, that he entered into the possession of the land believing that he had good title thereto, and that he made the improvements specified in the petition in good faith, under the belief that he had good title to the land, and shall be verified by his affidavit thereto annexed."

It appears from the petition that the respondent claimed the land on which the improvements were made under a purchase in 1840, at a sale thereof under the laws of the State, as school lands, followed by a patent from the State authorities ; and that the plaintiff in error, defendant below, acquired the better title by entry in 1855, at the proper land office, followed by a patent from the United States. The petition also set forth the length of the respondent's possession, the kind and value of his improvements, recovery against him in the ejectment suit, and averred that the respondent entered into the possession of the land believing he had a good title thereto, and had made the improvements in good faith under the belief that he had good title.

Three objections to the petition are urged in this court by the plaintiff in error. 1. That it does not appear from the petition that the land alleged to have been sold to the respondent, was located in the 16th section, or was land selected in lieu thereof; in other words, that the petition does not show that the respondent had a valid title to the land. This objection appears to be founded in a total misconception of the reason and intention of the statute under which the action is brought. By the common law the owner recovers his land in ejectment, without being subjected to the condition of paying for improvements which may have been

made upon it by any intruder or occupant without title. This rule of the common law, however, has become so far relaxed as to allow a defendant in the action for mesne profits, and also a defendant in the action of ejectment where in that action the rents and profits are recoverable, to set off the value of permanent improvements on the land made by him in good faith during his occupancy to the extent of the rents and profits claimed. (Sedgwick on Dam. 126.) But in all cases where the value of the improvements exceeded the rents and profits, the law as thus relaxed failed to furnish a full measure of justice. To cure this defect, the statutory provisions quoted were adopted. The remedy afforded by the statute is given, not to one having title (for he is in no need of the remedy), but it is given to him who, though without title to the land, has made improvements in good faith, believing he had title. It would be absurd, then, to hold, that a petition seeking relief under the statute was defective because it failed to show the plaintiff had a valid title to the land of which he had been evicted. The second objection urged is to the effect that the respondent's remedy is not against the plaintiff in error, but against the County of Warren, is without any force. The third objection is substantially the same as the first, and has been already considered.

We find no error in the record. Let the judgment be affirmed. The other judges concur.