MARIE C. STUMP ET AL., Respondents, v. PHŒBE J.
HORNBECK ET AL., Appellants.

April 15, 1884.

1. EJECTMENT — IMPROVEMENTS. — An action under the statute by a defend-
ant *in ejectment* for improvements put upon the land in good faith, must
be brought in the court in which the judgment in ejectment was ren-
dered.

2. —— A claim for such improvements runs with the land, and an heir may
enforce a claim for improvements put upon the land by his ancestor.

3. —— NOTICE. — The constructive notice implied from the registry of a deed
does not preclude a recovery under the statutes for improvements made
in good faith.

4. —— A person who in good faith takes a deed in fee for land in which the seller
has only a life estate, and who, believing that he owns the fee, erects
improvements on the land, may recover therefor against the remainder-
men.

APPEAL from the St. Louis County Circuit Court, ED-
WARDS, J.

*Affirmed.*

C. W. WILSON, for the appellants: At common law the
owner is entitled to recover his land, without being sub-
jected to the condition of paying for improvements made
by an occupant without title. — 1 Sedg. on Dam. (7th ed.)
246 (marg. p. 121); 2 Kent's Com., side p. 335; *Schlem-
mer* v. *North*, 32 Mo. 208, 209. The administrator of the
estate of D. M. Stump, deceased, is the only proper party
to sue for and collect the assets of his estate. The per-
sonalty goes to the administrator — not to the heirs. — 1
Rev. Stats. 1879, sects. 94–96; *Bruggeman* v. *Jurgenssen*,
24 Mo. 89; *Kellogg et al.*v. *Malin*, 62 Mo. 431; 1 Williams on
Exrs. 664, 667, 545; 2 Williams on Exrs. 1408; *James* v.
*Christy*, 18 Mo. 162, 164; *Salmon's Admr.* v. *Davis*, 29 Mo.
179, 180; Story on Con., sects. 254, 255. The life tenant can
not recover compensation for improvements made during the
life tenancy, from the remainder-man. — 1 Washb. on Real
Prop., 110; *Austen* v. *Stevens*, 11 Shep. 520; *Thurston*

v. *Dickenson*, 2 Rich. Eq. 317, 318, 319; *Merritt* v. *Scott*, 81 N. C. 385, 387, 388, *Wiltse* v. *Harley*, 11 Iowa, 473; Tiedeman on Real Prop., sect. 68.  In order to a recovery under the provisions of our statute, the claimant must have made the improvements in good faith, under the belief that he had a good title, and without notice of the adverse title. — Rev. Stats. 1879, sects. 2259, 2250; *Lee* v. *Bowman et al.*, 55 Mo. 403.  "The terms notice and good faith are adopted in the statute with the full force and meaning of those terms in equity jurisprudence, from whence they are derived."— *Lee* v. *Bowman et al.*, 55 Mo. 403.  "Notice and good faith can not co-exist." — *Lee* v. *Bowman et al.*, 55 Mo. 403.  A purchaser is bound to know his grantor's title; and is conclusively presumed to have knowledge of the contents of every conveyance which constitutes a link in the title purchased. — *Picot* v. *Page*, 26 Mo. 415, 416; 1 Story Eq. 400; 2 Lead. Cas. Eq. 139, 152, 168, 169, and cases cited; *Brush* v. *Ware*, 15 Pet. (U. S.) 93; *McAteer* v. *McMillan*, 2 Pa. St. 32; *Honore's Ex.* v. *Bakewell et al.*, 6 B. Mon. 73; *Hackwith* v. *Damron*, 1 B. Mon. 237.  The recitals in a purchase deed are such notice as will put him on inquiry as to the matters referred to in the recitals. — 1 Story Eq. 400; Sackett on Instructions, 329, 330; 2 Lead. Cas. Eq. 170 and cases cited; *Major* v. *Bukeby*, 51 Mo. 231.  Notice that his grantor has no title is notice of the adverse title. — *Foster* v. *Holbert*, 55 Mo. 23; *Kerney* v. *Vaughan*, 50 Mo. 289; *Walter* v. *Quigg*, 6 Watts (Pa.), 91, etc.

T. F. McDEARMON, for the respondent: "An action under our statute by a defendant in an ejectment suit against whom a judgment for possession has been rendered to recover compensation for improvements made in good faith on land prior to the action of ejectment, must be brought in the court in which such judgment was rendered and before eviction from the premises."— *Malone* v. *Stretchen*, 69 Mo. 25, and cases there cited.  To bar the plaintiff's recovery actual

notice of defendant's claim of title is necessary; constructive notice is not sufficient. — Rev. Stats. 1879, ch. 30, p. 377, sects. 2259, 2260, 2267; *Dothage* v. *Stuart*, 35 Mo. 251; *Russell et al.* v. *Defrance*, 39 Mo. 506.

LEWIS, P. J., delivered the opinion of the court.

The present plaintiffs were unsuccessful defendants in an action of ejectment for 97.47 acres, maintained against them by the present defendants. This suit is brought under Revised Statutes, section 2259, to recover compensation for improvements put upon the land in good faith, by these plaintiffs and their ancestor, David M. Stump. There was a judgment for the plaintiffs.

The defendants objected to the jurisdiction of the court, and saved their exception to an adverse ruling. This suit was instituted in the same court wherein the judgment was rendered in the ejectment case. This fact, according to *Malone* v. *Stretch* (69 Mo. 25), disposes of the objection. It is there held that suits of this character must be brought in the court which rendered the judgment for dispossession.

It is further objected that there was error in permitting the plaintiffs to assert a claim on account of improvements made on the land by their ancestor. The letter of the statute gives the right of action to "a person in the possession" against whom there shall have been given a judgment or decree of dispossession "in an action for the recovery of possession of premises, or in any real action in favor of a person having a better title thereto," to recover compensation "for all improvements made by him in good faith on such lands, tenements, or hereditaments, prior to his having had notice of such adverse title." But the provision has never had the narrow interpretation which the defendants claim. The heir represents the ancestor, as to both rights and liabilities which run with the land to the extent, at least, of the value of his inheritance. If a man should

bring himself within the exact letter of the statute, by making valuable improvements on land, in good faith and should then die, a person having the better title might sue the heir for possession on the day after the death. It would be a monstrous perversion of the manifest purposes of the law, to deny to the heir all benefit of his predecessor's expenditures, and to turn the same over to the successful plaintiff in such a case. That the claim for improvements made in good faith is regarded as running with the land, is evident in the character of the judgment to be rendered and the orders to be made, under sections 2263 and following. The court is not permitted to render an absolute, unconditional judgment for the value of improvements, and to enforce it by execution. *Russell* v. *Defrance*, 39 Mo. 506. In the case cited, which was an action similar to the present, improvements to the value of $500 had been made by the plaintiff's grantor, and to the value of $1,000 by the plaintiff himself. The judgment was for $1,500. The supreme court said that the amount was correctly estimated and ascertained, but reversed the judgment for failure to comply in other respects with the terms of the statute. We can see nothing in the defendant's objections on this point.

The land in question formerly belonged to Thomas Parsons who, by last will, devised a life estate to Emeline P. Parsons, remainder in fee to the present defendants. Emeline conveyed to David M. Stump by deed in fee, with general warranty. The defendants contend that, inasmuch as Stump held only an estate for the life of Emeline, his holding was not adverse to the defendant remainder-men; that, as such tenant for a life only, he could not claim improvements made, as against the remainder-men, but must be presumed to have made them for the enjoyment of his own limited estate; that the life estate of his grantor was a matter of record, and therefore both Stump and the plaintiffs had notice of the defendant's title when they

made the improvements, and are thus precluded of any benefit of the statute. All these positions assume to deal with the statute as applicable to the real state of the title, and not as a provision for one who has honestly mistaken his title, and whose claim to relief rests upon the fact of his mistake. If, in this proceeding, the true state of the title were a test of the plaintiff's rights, there would be no need for the statute. If the plaintiff's title were perfect, he could not be dispossessed. If it were found defective, imperfect, or limited as in the present case, the common law would deny him compensation for his improvements — which is just what the defendants are here insisting upon. But the special office of the statute is to abolish that common-law hardship in cases where the sufferer has acted in good faith, believing he had a good title, when he had none. The question, therefore, is, not what title did the plaintiffs, or their ancestors hold; but, what title did they believe themselves to hold when they made the improvements? This issue of fact was raised by the pleadings, was fairly put to the jury in the instructions, and was determined in favor of the plaintiffs. There was substantial testimony in support of the verdict. Stump held a deed in fee, with general warranty, from his immediate grantor. To say that the antecedent facts created in him a less estate, is to say what is true of almost every defendant in ejectment who suffers a recovery. The statute was enacted for just such cases. Surely, the plaintiffs and their ancestor could not be in a worse condition than one who had no title at all. Yet our supreme court says that "the remedy is given to him who, although without title, has made improvements, believing that he had title." *Dothage* v. *Stuart*, 35 Mo. 251. It is a mistake to say that Stump did not hold adversely to the defendants. He claimed the fee, under a deed which purported to give it to him; and this was directly adverse to the defendants' claim of a remainder. The question whether a holding is adverse, or not, does not depend

on the holder's ability to maintain it.   Had Stump acknowledged the defendants' remainder he would not have been an adverse holder.   But in that case, he could not have made the improvements in good faith.

What we have already said should be a sufficient answer to the defendants' claim that the plaintiffs and their ancestor had notice of the defendants' title, and are therefore denied compensation for improvements by the terms of the statute.   The whole argument in support . of this claim rests upon a fundamental proposition, which learned counsel expresses thus : "A purchaser is bound to know his grantor's title ; and is conclusively presumed to have knowledge of the contents of every conveyance which constitutes a link in the title purchased." If this be the law for the controversy before us, there is no possible case in which a dispossessed defendant in ejectment may have compensation for his improvements.   The rule is proper enough in its place — where questions of title are involved — and may sometimes defeat an alleged title.   The numerous cases cited by counsel employ it in no other way.   But to apply it against a demand which admits the absence of title, and proceeds purely upon an honest belief that there was title, notwithstanding technical evidences and facts to the contrary, would be to repeal the statute.   No court has yet held that the constructive notice arising from registration can be used to impeach the good faith of one who never knew of it, and to charge upon him such actual notice as is contemplated by the statute under consideration.

The defendants complain of an instruction given, authorizing the jury to allow, in favor of the plaintiffs, the amounts of taxes on the land, paid by them and their ancestor. Whether this was erroneous or not, the defendants were not harmed by it.   The jury found the total value of the land, without the improvements, to be $1,462.05, and the value of the improvements to be $1,960.   As it thus appeared that the value of the improvements exceeded the

value of the land, the judgment, in accordance with Revised Statutes, section 2263, was, that " the plaintiffs, within one year from this date, pay to the defendants herein the said sum of $1,462.05, and that said defendants thereupon make and deliver to the said plaintiffs a conveyance with general warranty for said lands," etc. The jury found the amount of the taxes paid, but it cut no figure in the judgment.

The action of the court in giving and refusing instructions was in substantial accordance with the views declared in this opinion. We find no error in the record. With the concurrence of all the judges, the judgment is affirmed.