BEN M. ANDERSON, Appellant, v. T. F. SUTTON.

T. F. SUTTON v. BEN M. ANDERSON, Appellant.

In Banc, May 23, 1925.

1. **CONSOLIDATION OF SUITS: Ejection: Action for Improvements.** An action of ejectment for possession of land, and an action for the value of improvements brought by the occupying defendant who does not claim through plaintiff, cannot be consolidated and tried as one case. Under the statute (Sec. 1834, R. S. 1919) the right to an action to recover compensation for improvements does not exist until a judgment of dispossession has been rendered, unless the occupying claimant claims possession under the plaintiff in the ejectment.

2. **IMPROVEMENTS: Suit for Compensation: Squatter.** A mere squatter, with notice of the true owner's title and without belief that he has a title, cannot recover compensation for improvements placed by him upon the land. And where he does not claim under the plaintiff in the ejectment, but from and through a third party, he cannot sue for compensation until the ejectment, including damages and monthly rents, is tried, and judgment of dispossession is rendered.

3. ————: ————: **Set off.** The value of the improvements cannot be set off against damages and monthly rents in the ejectment suit except where the occupying claimant is claiming under or through the party shown by the ejectment to possess the better title.

4. **EJECTMENT: Accreted Lands: Crop Rent: Rental Value.** Where the occupying claimant did not claim title under plaintiff in the ejectment, and such lands were usually rented for a part of the crops produced, and could not have been rented for agreed money payments, because of the danger of overflow by the waters of the river, their rental value can be ascertained by evidence showing the character of the land, its fertility and productivity and the

Anderson v. Sutton.

kinds of crops that best grow thereon, the amount of such crops actually grown or that could have been produced and garnered, the years in which defendant had possession, and the reasonable market value of the crops each year; and such evidence is competent.

5. ———: Rental Value: Good Faith. In ejectment the good faith of the defendant in entering upon the land is not material to the issue of monthly rents and profits, but he must pay the full rental value whether he entered upon the premises in good faith or otherwise; his good faith is material only in his action for compensation for improvements made by him.

6. IMPROVEMENTS: Compensation: Limitations. Where the defendant in ejectment does not claim under the plaintiff, but claims through a third party, he can recover compensation for only such improvements as were made within the period of five years preceding the institution of the ejectment suit.

7. EJECTMENT: Rental Value of Improvements. An instruction in the ejectment suit should not tell the jury that, in assessing the value of the monthly rents and profits, to disregard the improvements placed thereon by defendant. The amount of rental value assessable against defendant cannot be reduced by a consideration of the improvements made by him.

8. IMPROVEMENTS: Value: Original Cost. In the action by the occupying claimant to recover compensation for improvements made in good faith, their value is not their original cost, but their reasonable worth at the time he is dispossessed by the owner of the better title.

9. EJECTMENT: Rents and Profits: Value of Crops: Price at Which Sold. Where the lands were subject to overflow and could not have been rented for stipulated sums of money, but the usual method of paying the landlord was by giving him a part of the crops and the only method of ascertaining their value therefore was to show the number of acres in cultivation, the kinds and quantity of crops grown and their value, the instruction should not tell the jury that the value of the grain was the price at which it was sold. Its value was its market value on the farm where produced, whether sold or consumed, or whether sold for more or less than its market value.

10. IMPROVEMENTS: Paid for by Crops: Limitations: Set off. Where the occupying claimant did not claim through the plaintiff in ejectment, and the lands had no ascertainable monetary rental value, but the usual method of paying rents was to give to the landlord a part of the crops produced, the occupying claimant cannot recover for improvements paid for by crops produced during the years they were made, if they were made prior to the period of five years next

preceding the institution of the ejectment suit, although he had no notice of plaintiff's claim to the land. If the plaintiff or the owner of the better title cannot in his ejectment suit recover rents for those years, because barred by limitations, it would be unfair to permit the occupying claimant, in his suit to recover compensation for improvements made by him, to recover the value of improvements paid for with crops produced in those years.

Citations to Headnotes: Headnote 1: Ejectment, 19 C. J. sec. 391. Headnote 2: Ejectment, 19 C. J. sec. 391. Headnote 3: Ejectment, 19 C. J. sec. 391. Headnote 4: Ejectment, 19 C. J. sec. 369 (Anno). Headnote 5: Ejectment, 19 C. J. sec. 369 (Anno). Headnote 6: Ejectment, 19 C. J. sec. 391. Headnote 7: Ejectment, 19 C. J. sec. 370 (Anno). Headnote 8: Ejectment, 19 C. J. sec. 391 (Anno). Headnote 9: Ejectment, 19 C. J. sec. 376 (Anno). Headnote 10: Improvements, 31 C. J. secs. 57, 58.

Appeal from Boone County Circuit Court.—*Hon. David H. Harris*, Judge.

REVERSED AND REMANDED.

*William H. Sapp* and *Irwin & Dunn* for appellant.

(1)  The court erred in ordering the case of Anderson v. Sutton in ejectment consolidated with the case of Sutton v. Anderson for recovery for value of improvements, and tried as one action.  Secs. 1815, 1820, 1821, 1822, 1827, 1829, R. S. 1919; Secs. 1834, 1835, 1836, R. S. 1919, and subsequent sections providing for compensation for improvements.  No right of action exists on behalf of a person for improvements made until ''a judgment or decree dispossessing him has been given.''  Sec. 1834, R. S. 1919.  The consolidation shifted to Anderson the burden of proving notice in order to recover for rents and profits as required by Sec. 1827, R. S. 1919, and thereby relieved Sutton of the burden of proving that the improvements were made in good faith and without notice, as required of him by Sec. 1834, R. S. 1919.  ''In case the defendant's possession and occupancy is by claim of title through the plaintiff then the value of the improvements may be considered in the ejectment suit; but if defendant's occupancy is under a stranger to the title of plaintiff, then his action for improvements must be an independent one, under the stat-

ute.'' Tice v. Flemming, 173 Mo. 56; Henderson v. Langley, 76 Mo. 226; Stump v. Hornback, 109 Mo. 272. ''The value of the improvements cannot be adjudicated in the ejectment suit proper, but must be adjudicated in an action under the statute.'' State ex rel. v. Foard, 251 Mo. 56; Montgomery v. Gahagan, 246 Mo. 320. (2) The court erred in excluding testimony offered by plaintiff, for the purpose of showing the value of one-half of the crops raised by Sutton. While it is true that the measure of damages for wrongful withholding is the fair annual rental value, the evidence was conclusive that only grain crop rent was charged for river bottom land; hence, the character of the land, its productiveness, the kind, quality, quantity and value of the crops produced, was competent as going to show ''the fair annual rental value.'' Sires v. Clark, 132 Mo. App. 541; Wiggins v. Railroad, 129 Mo. App. 370; Muldrow v. Ry. Co., 62 Mo. App. 431. (3) Sutton was not entitled to recover more than the cost to him for the improvements made although he might recover less than the cost in the event that the improvement did not add its cost to the land as an improvement. To allow him more than the cost would be to allow more than compensated him. Anderson was the only person to be injured if he paid actual cost. Sires v. Clark, 132 Mo. App. 537. (4) Instruction D allows the jury to find for him, if ''he entered into the possession of the lands in good faith.'' The statutes require that the improvements shall be made ''in good faith.'' Sec. 1834, R. S. 1919; Dothage v. Stuart, 35 Mo. 251; Stump v. Hornback, 109 Mo. 272; Smith v. Mount, 149 Mo. App. 668; Eisberg v. Phillips, 197 Mo. App. 329; Pike v. Martendale, 91 Mo. 268; Pierce v. Rollins, 60 Mo. App. 497; Cunningham v. Anderson, 107 Mo. 371. (5) Sec. 1317, R. S. 1919, provides that all ''actions upon a liability created by statute'' is barred within five years. The right to recover for improvements was not one given by the common law, but is purely statutory. Cox v. McDivit, 125 Mo. 361; Stump v. Hornback, 94 Mo. 26, 109 Mo. 274. ''It is held in some cases, however, that the

right to set off the value of improvements placed upon the land more than five years before the commencement of the action is barred by the Statute of Limitation. It is held that when the statute is relied upon by the parties, it must operate alike upon both.'' Warvelle on Ejectment, pp. 543, 601. (6) Where the premises have been actually rented out during the adverse possession, then the rents received, minus a fair compensation for the necessary time and labor involved in the care and management of the premises and in collecting rents, is the measure of damages. Warvelle on Ejectment, pp. 543, 600; Hodgkins v. Price, 141 Mass. 162. (7) The court erred in refusing to give the plaintiff Anderson's instruction numbered two. This instruction we believe properly declared the law. The evidence shows and Sutton admitted that the crops received from year to year paid the expense of improving the land, hence if he received his pay from year to year out of the land, even though he had no notice of Anderson's claim, or in other words if Sutton cleared the land for what he got out of the crop (and he admitted that two crops more than paid his expense), then he should not recover as against Anderson for that for which he had already been paid.

*E. C. Anderson* and *Dumm & Cook* for respondent.

(1) The trial court did not err in ordering the consolidation of the case of Anderson v. Sutton, for damages, rents and profits, and the case of Sutton v. Anderson, for the value of improvements. Graves, J., in Anderson v. Sutton, 254 S. W. 857. (2) The court did not err in excluding testimony offered by plaintiff Anderson for the purpose of showing the value of one-half of the crops raised by Sutton. Anderson v. Sutton, 254 S. W. 854; Phillips v. Stewart, 87 Mo. App. 493; Miller v. Ingram, 56 Miss. 510; Wolcott v. Townsend, 49 Iowa, 456; Gardner v. Granniss, 57 Ga. 539; Warvelle on Ejectment, p. 588. (3) The court did not err in rejecting testimony

offered by defendant Anderson showing the cost of clearing land and making improvements. Sires v. Clark, 132 Mo. App. 537; Devine v. Charles, 71 Mo. App. 210. (4) The court did not err in giving plaintiff Sutton's Instruction D. This instruction requires the jury to find that Sutton entered into possession of the lands in good faith, with an honest belief that he owned and had good title thereto, and that in such faith and belief he made improvements thereon. Instructions are to be considered as a whole, and this instruction, considered in connection with defendant Anderson's Instruction 17 and plaintiff Sutton's Instruction C properly declares the law. (5) The court did not err in refusing to give plaintiff Anderson's Instruction 1. In the first place, the instruction contains no date and would have been wholly meaningless to the jury in the form requested. In the second place, even if the five-year Statute of Limitation applies, it would begin to run, not five years prior to the date of the institution of the suit of Sutton v. Anderson, as stated in said instruction, but from the time when Sutton's right to recover for improvements accrued, by reason of his being found not to be the rightful owner of the land by a judgment of eviction against him, which was on October 24, 1922, and his action for improvements must be brought within five years from said date. (6) Plaintiff Anderson's requested Instruction 4 was incorrect in that it told the jury they might take into consideration the price for which the wheat and corn were sold. Phillips v. Stewart, 87 Mo. App. 486; Anderson v. Sutton, 254 S. W. 854. (7) Plaintiff Anderson's requested Instruction 2 is erroneous and was properly refused, for the reason that it authorized the jury to give to Anderson rents and profits barred by the Statute of Limitations, and for the further reason that it authorized the jury to award double rents and profits to Anderson.

WOODSON, J.—This suit was instituted in the Circuit Court of Boone County by Ben M. Anderson against

T. F. Sutton to recover damages and the monthly rents and profits for the use and occupation of certain real estate described in the petition. The title to the land and the right of the possession thereto had been litigated and adjudged between the parties in favor of Anderson, a year or so previous to the institution of this suit.

After the trial of the ejectment suit against Sutton, he brought in the Circuit Court of Boone County a suit to recover the value of improvements he claims to have been made by him on the premises while he was in possession of and cultivating the land mentioned.

When this case was called for trial, the court upon motion consolidated the two cases, that for rents and that for improvements, into one case, and tried them as one, to which action of the court the appellant objected and saved his exceptions.

I. This action of the trial court was clearly erroneous, but in justice to the learned trial judge who tried the case, it is proper to say that the error committed was in all probability due to the suggestion of this court that the two cases might be consolidated and tried as one case.

Consolidation of Suits.

When we wrote the opinion in the ejectment suit before mentioned, we inadvertently overlooked Section 1834, Revised Statutes 1919, which requires an independent action to be brought for improvements where the tenant claims title in possession of the land from another party who has the better title to the land. We have so ruled a number of times. [Tice v. Fleming, 173 Mo. 56; Henderson v. Langley, 76 Mo. 226.]

Judge GRAVES said in the case of State ex rel. v. Foard, 251 Mo. l. c. 56:

"'Sec. 2402. The plaintiff in his petition shall set forth the nature of his title, the length of his possession and the kind and value of the improvements made; and shall also aver therein that he entered into the possession of the land, believing that he had good title thereto, and that he made the improvements specified in the pe-

tition in good faith, under the belief that he had good title to the land, and shall be verified by his affidavit thereto annexed.'

"We have held that when the defendant in ejectment does not claim title from or through the plaintiff, then his action for improvements must be and is an independent action. That in such case the value of the improvements cannot be adjudicated in the ejectment suit proper, but must be adjudicated in an action under the statute. [Tice v. Fleming, 173 Mo. l. c. 56 et seq.; Bristol v. Thompson, 204 Mo. 366; Mann v. Doerr, 222 Mo. l. c. 19.]"

II. Of course a mere squatter with notice of the true owner's title without belief that he has a title cannot recover for any improvements placed by him upon Squatter. the land, however valuable they may be, and under no circumstances can he recover more than what the improvements cost to make or place upon the premises, except as hereinafter mentioned, nor what they are reasonably worth as placed upon the premises.

The right to set off improvements made in the same suit for the possession of the land only exists where the Accrual of Right. defendant tenant claims the right to the possession of the land under and through the plaintiff suing for the possession of the premises, as previously stated. By reading Section 1834, supra, it clearly appears that no right of action exists on behalf of a person for improvements made until a judgment or decree dispossessing him has been rendered. [State ex rel. v. Foard, 251 Mo. l. c. 56.]

III. There is no pretense that Mr. Sutton claims the land under Mr. Anderson, but he claims through Boone County. This view of the case, which is unquestionably Dispossession Necessary. the correct one, removes from the case the trial of the value of the improvements, until after the value of the rents and profits

are adjudicated. So when this case reaches the trial court again, this opinion will completely eliminate from consideration both the character and value of the improvements put on the premises, and confine its inquiry solely to the value of the damages and rents and profits of the land while Mr. Sutton was in possession of it.

IV. My learned associate who wrote the opinion in the ejectment suit before mentioned, and his associates, inadvertently omitted to notice the statute previously mentioned providing that a setoff could not be entertained except where the tenant was claiming under the party claiming under the better title. And as previously stated the defendant, Mr. Sutton, does not claim his right to the possession of the land from the plaintiff, Mr. Anderson, but his claim is founded exclusively upon a conveyance from Boone County, Missouri.

*Setoff.*

V. The evidence shows that the land in question is located in the Missouri River bottom, and that it was the universal custom to rent such land for crop rent, usually, if not exclusively, for one-half of the crop. This seems to be conceded by all of the witnesses. Anderson therefore, in order to determine the value of the rents and profits of the one-half of the land which Sutton received and should have paid to him, but which he wholly failed to do, undertook to show the kind and character of the land, together with its productivity—the kind and value of the crops grown on the land—to all of which Sutton objected, and the objection was sustained by the court. Some few of the questions asked relative to the rents and profits are here cited in order to show the ruling of the court.

*Rental Value.*

"Q. What was corn selling for in 1916—the general market value of corn?

"THE COURT: Objections sustained."

Plaintiff offered to show that corn was selling for one dollar per bushel during the year of 1916.

"THE COURT: Objections sustained."

Anderson v. Sutton.

"Q. What was the nature of the season of 1916?

"The Court: Objections sustained.

"Q. What was the reasonable rental value of the land grown in corn, considering the price at which it was selling, the character of the crops grown during the year 1916?

"The Court: Objections sustained."

Plaintiff offered to show the reasonable value of the crop for 1916 was $35, to which objection was sustained.

"Q. Senator, what was the reasonable value of the land for corn during the year 1916?

"The Court: Objections sustained.

"Q. What was the reasonable value of the land during 1921, for corn, taking into consideration what was produced, the value, etc.?

"The Court: Objections sustained."

After showing that land in the river bottom was always rented on the shares, and that there was no cash rental value, the following questions were asked:

"Q. Did you observe the character of the crop grown on it? A. I noticed it some. That year I was going through the corn and would notice it some.

"Q. Now what is your opinion was half the value of the crop?

"The Court: Objections sustained. Senator, I have passed on that question now, and I would be obliged if you would observe the rule from now on. If I have erred the Supreme Court will set me right. They have passed on it, and now let one ruling in this case suffice.

"Mr. Irwin: Does the court rule I can't ask the number of bushels?

"The Court: I have ruled on it, I think, enough.

"Q. How much corn on an average will it produce a year?

"The Court: Objections sustained."

Witness John B. Estes, who had farmed a part of this very land, was asked the following:

"Q. How does the land produce.

"The Court: Objections sustained.

"Q. On an average, for the last five years, what would be the average production of the land?

"The Court: Objections sustained."

Yet on cross-examination defendant was permitted to show that some of the land was sandy and would not produce.

VI. Counsel for appellant insist that the learned trial court erred in excluding the testimony above set forth, tending to show the value of one-half of the crops raised on the lands during the years that Sutton cultivated them. This is one of the cases where the law implies a contract on the part of the tenant to pay rent. In treating of such cases Mr. Tiffany, vol. 1, page 1030, paragraph "b," uses this language: "The cases not infrequently contain references to an 'implied contract' or an 'implied covenant' to pay rent as distinct from one which is 'express,' and it is desirable to obtain a clear conception, so far as possible, of what is meant by these expressions."

*Rental Value.*

On page 1889-90 he says: "*a. When no rent reserved.* The plaintiff must, it appears, in the absence of a contract for a specific rent, give some evidence of the value of the use and occupation. In case there is no express agreement as to rent, the *quantum* of recovery is the reasonable value of the occupation which has actually been enjoyed, or, as it has been otherwise expressed, the rental value of the land, and this rule was applied when the parties thought they had agreed on the rent, but they had not done so. In case of an occupancy for part of the year only, the recovery is of the value of the occupation for that time, and not a *pro tanto* part of the yearly value.

"The value of the occupancy of a house built on the premises by the tenant during his occupancy cannot, it has been decided, be included in the recovery, and if a demise expressed to be of particular land is not proven the recovery can be only for that actually occupied.

"The purpose for which the property is used is, it is said, to be considered, but if the premises are adapted for a particular use the tenant must, it has been decided, be held liable with reference to that use, though he utilizes them in such a way as to make them less valuable. The fact that the premises are particularly valuable to him, and that, if not occupied by him, they would have been vacant, has been regarded as immaterial. The rent of the premises in previous years may be considered, but not the selling value of the premises.

"The question seems not to have been discussed whether one who, under a demise of particular land, which fails, however, to name any rent, enters on and occupies a part only of such land, is liable for the reasonble value of the occupation of the whole land. Presumably he would be so liable, on the theory that his entry on part is to be regarded as constructively an entry on all.

"Interference by the landlord with the tenant's enjoyment, even if it does not amount to an eviction, may be considered in determining the value of the beneficial enjoyment, it has been decided."

The same distinguished author on pages 1017 and 1654 says that the rent may by agreement or custom be payable in part of the crops, etc., raised upon the premises; also that the rent may fluctuate by the price of wheat or with the amount of products which the premises may produce (page 1047).

The previous litigation referred to between the parties establishes the plaintiff's ownership of the land and his right to recover the rents and profits from the defendant while he was in possession and use of same, so the only remaining question presented for solution is the reasonable monthly or yearly value thereof. The evidence conclusively shows that the rental value thereof during said time was very valuable, but that it had no cash rental value, because such lands had never rented for cash rents; this, I presume, is on account of high water which so endangers the crops that no one is will-

ing to pay cash rent, but that fact by no means excuses the defendant from paying reasonable value therefor, which, under the facts disclosed by this record, can be ascertained only by showing the character of the land, its fertility, the kind of crops that best grow thereon, the amount of such crops actually grown thereon each and every year defendant had possession, and what were the reasonable market values each year thereof, at the year when produced. The value of the land upon which the crops grew, it appears, should not be considered and this for obvious reasons.

Unquestionably the exclusion of the evidence referred to was erroneous.

VII. Counsel for appellant also complains of the action of the court in refusing instruction numbered 7 asked by them, and in modifying and giving it as modified. Under the view we have taken of the case at this time, Instruction 7 should have been given as asked and the court erred in modifying and giving it in its modified form.

*Instruction.*

VIII. The action of the trial court in giving Instruction D for respondent is also complained of as error. It may also be said of this instruction that it will not be necessary or proper to give it at the next trial, as it seems to be leveled principally at the question of improvements and of course the question of good faith has nothing to do with the amount of rents and profits the respondent is required to pay. He must pay the full value of the rents and profits whether he entered onto the premises in good faith or not. The question of good faith in entering onto the possession of the land, under the statute, only becomes material when assessing the value of the improvements, which can only be done when made in good faith, believing they belonged to him. [Dothage v. Stuart, 35 Mo. 251; Stump v. Hornback, 109 Mo. 272; Smith v. Mount, 149 Mo. App. 668; Eisberg v. Phillips, 197 Mo. App. 329.]

*Good Faith.*

IX.   Counsel for appellant next complains of the action of the trial court in refusing to give instruction numbered 1 asked by him.   It, in substance, told the jury Limitations. that the respondent could not recover of the appellant on the question of improvements for any such that were made or placed on the premises by him prior to the institution of the case of Sutton v. Anderson.   The instruction should clearly have been given; if appellant's rents are barred in five years, then respondent's demand for improvements should likewise be barred in the same time.   Section 1317, Revised Statutes 1919, provides that "actions founded upon liability created by statute" are barred in five years.   Besides, this question will not be in the next trial of Anderson v. Sutton for the rent, etc.   Warvelle on Ejectment, pp. 543 and 601 says: "It is held in some cases, however, that the right to set off the value of improvements placed upon the land more than five years before the commencement of the action is barred by the Statute of Limitation. It is held that when the statute is relied upon by the parties, it must operate alike upon both."

X.   Counsel for appellant next insist that Instruction C given by the court for respondent was error.   It Rental Value told the jury that they could not "assess of Improvements. the value of the rents and profits on the value of the improvements placed thereon (the land) in good faith by Sutton."   This is clearly misleading and confusing to the jury, as the question of improvements had nothing whatever to do with the value of the rents and profits, besides it is contradictory to the modification made by the court to Instruction D given for respondent.   Said instruction as asked told the jury that they could not allow the respondent any sum in this suit for improvements; the modification made by the court was "except that in determining the value of such annual rents and profits you may take into consideration the increased adaptability of said land, if any, for the purpose for which it was used by Sutton by rea-

son of such improvements, and this notwithstanding the fact that said improvements were placed upon the land by Sutton." This modification made by the court of appellant's Instruction D is not only contradictory of Instruction C, but it also allowed the jury to charge the appellant for the full value of the improvements, and then again charge to the appellant for the benefits they might find if they had increased the productiveness of the land. This was clearly erroneous.

XI. It is next insisted that the court erred in refusing appellant's instruction numbered 3. That instruction in effect told the jury that the respondent could not recover for the Value of improvements more than they cost to make Improvements: them. This instruction was properly re-Cost. fused. It might just as well be contended that the respondent could recover the actual cost of the improvements, though they did not add a dollar to the value of the premises. Suppose the improvements are made of cottonwood, or willow materials, which, according to common knowledge, only last a "year and a day," and that they have wholly or practically disappeared from the premises at the time the value of the improvements are assessed, would it be just to charge the landowner with the cost of the improvements when they are not worth a dollar? I think not. And upon the other hand, suppose the improvements have been made of the very best material, such as oak, or first class pine, and that the cost of that material has risen in value from the time the improvements were made up to the time when the value of them is assessed; would it not be just to make the landowner pay what the improvements were reasonably worth at the time he takes them over? I think so. In other words, in my opinion, the value of the improvements ought to be assessed at what they are reasonably worth to the land at the time the landowner takes them over.

XII.   Appellant also complains of the action of the court in refusing instruction numbered 4 asked by him. This instruction reads:

"The court instructs the jury that the term rents and profits as used in these instructions means the actual value thereof as near as may be ascertained by the jury. In determining such value you will take into consideration the number of acres in cultivation each year, the quantity of corn or wheat grown, as well, also, as the price at which it was sold."

Market Value.

This instruction should have been given had it ended with the words "as the price at which it was reasonably worth on the farm" instead of "as the price at which it was sold." The appellant can only recover the reasonable market value of the corn, whatever that was at the time, and he can no more recover more than that price than he would be compelled to take less than that had respondent sold it for less than the market value. But as asked, the court properly refused the instruction.

XIII.   Again it is insisted by counsel for appellant that the court erred in refusing instruction numbered 2 requested by him. It in effect told the jury that if they believed from the evidence that the crops received by the respondent from year to year from the land paid the cost and expenses of the improvements he made upon the land for such years, even though he had no notice of appellant's claim to the land, then he should not recover from the appellant any sum for the improvements for which he had been paid by said annual crop. In our opinion this instruction should have been given, for the reason that if respondent received pay for his annual improvements from the annual rents from appellant's lands, then he should not be permitted to recover for them a second time, notwithstanding the fact that appellant could not sue for and recover said rents on account of the Statute of Limitations. This is upon the theory that if the value of the annual crop received by

Improvements: Paid for by Crops.

respondent equaled or exceeded the value of the annual improvements made upon the premises, then the one paid and discharged the other, and consequently there was nothing remaining due the respondent for those annual improvements.

XIV. The only remaining point to be notified is how the value of the rent corn respondent received and failed to account for to appellant should be assessed. As previously stated the court should submit to the jury the question as to how many bushels of corn the respondent raised and gathered or could have raised and gathered on the premises, during the years not barred by the Statute of Limitations, and then have them to find from the evidence the reasonable market value thereof, on the premises, and return a verdict for appellant for the sum so found.

Value of Rent Corn.

For the reasons stated the judgment is reversed and the cause remanded to the circuit court to be tried in conformity with the views herein expressed. *Graves, C. J.,* and *Walker, J.,* concur; *David E. Blair, J.,* concurs in the result; *White, J.,* dissents; *Ragland* and *Atwood, JJ.,* not sitting.