BEN M. ANDERSON v. T. F. SUTTON, Appellant.—293 S. W. 770.

Court en Banc, April 8, 1927.

1. **EJECTMENT: Damages: Rental Value of Agricultural Lands: Increase by Improvements.** Where the defendant has erected no substantial or costly improvements, but the improvements made by him consist in clearing the land of brush and willows to adapt it to cultivation, the owner, if entitled to recover in an ejectment action, is entitled to damages based upon the rental value of the property as enhanced by the improvements put upon it by the defendant, in so far as such improvements constituted a mere increased adaptation of the land to agricultural uses, and especially so where the improvements were not costly and the defendant for fourteen or fifteen years, and even after judgment in ejectment was first rendered, has, either by himself or his tenants, produced good crops annually. [Distinguishing Armor v. Frey, 253 Mo. 447, 479, and Byrne v. Byrne, 289 Mo. l. c. 125.]

2. ———: ———: **Stare Decisis.** The decision of this court on a former appeal, announcing that in ejectment damages should be based on the rental value of lands as enhanced by improvements placed thereon by defendant where they consist in preparing the lands for agricultural uses, will not be disturbed on the theory that such announcement conflicts with decisions made in other cases to the effect that the damages could not be augmented by the enhanced rental value resulting from the erection of costly buildings upon small lots. The different rules relate to entirely different conditions, and the rule of **stare decisis** therefore applies.

3. ———: **Instructions: Double Damages.** One instruction directing the jury that, if they find defendant was in possession for five years prior to the trial and received from tenants one-half the crops grown on the lands as rent, and that such was the usual and customary rental of similar lands in the vicinity, they should ascertain and determine the reasonable value of one-half the crops received by defendant in determining the value of the yearly rents and profits, and another instruction authorizing them to ascertain and declare the value of the monthly rents and profits from the date of the verdict until defendant shall surrender possession, do not authorize a recovery of double damages for that part of the year preceding the trial; and the two do not conflict, but at their worst are only non-direction as to the period elapsing after the trial.

4. ———: ———: **Net Value of Crops.** The trial court does not err in not limiting the amount of damages recoverable by plaintiff in ejectment to the net value of the crops received by defendant, where there is no evidence upon which the jury can base an allowance to defendant for his labor and expenses in acquiring his share of the crops, and he asks no instruction on the subject.

5. ———: **Consolidation with Suit for Improvements: Setting Aside.** This court cannot consider a contention that injustice was done defendant in setting aside a former consolidation of plaintiff's ejectment with defendant's suit to recover the value of the improvements placed upon the land by him, where there is nothing in the record showing that such consolidation ever occurred or that it was later set aside. Besides, this court has never decided that consolidation of such suits is proper.

6. **ARGUMENT TO JURY: Repetition.** Where the court sustained a line of argument based on no evidence in the record, a complaint that respondent's counsel continued to repeat the argument cannot be sustained, where

no exception was saved to the insufficiency of the reprimand, no motion to discharge the jury was made when the argument was repeated, but appellant apparently acquiesced in the rulings of the court favorable to him and speculated upon a favorable verdict.

7. ———: **Purchase of Land from County.** The action of the court in sustaining the objection of the plaintiff in the ejectment suit to defendant's statement that "a purchaser from the county often loses the land and is left with the bag to hold" is not erroneous, where plaintiff's title and his right to possession are not in dispute.

8. ———: **Surrender of Possession: Damages: Value of Improvements.** Defendant incurs no liability for rents and profits accruing after his surrender of possession in response to plaintiff's suit in ejectment, nor does such surrender affect his right to recover the reasonable value of his improvements.

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 2368, p. 561, n. 77; Section 3078, p. 1099, n. 6. **Courts,** 15 C. J., Section 362, p. 966, n. 76 New. **Ejectment,** 19 C. J., Section 285, p. 1199, n. 33; Section 377, p. 1242, n. 53; Section 391, p. 1248, n. 56 New. **Improvements,** 31 C. J., Section 60, p. 339, n. 72, 76. **Trial,** 38 Cyc., p. 1498, n. 27; p. 1508, n. 97 New.

Appeal from Audrain Circuit Court.—*Hon. Ernest Gantt,* Judge.

AFFIRMED.

*N. T. Gentry* and *Abbott, Fauntleroy, Cullen & Edwards* for appellant.

(1) The opinion of this court in the same case, reported in 301 Missouri, is out of harmony with other decisions by this court and the weight of authority, and by inadvertence a principle of law was incorrectly therein stated which works injustice to the rights of the defendant, and said opinion should be overruled. Murphy v. Barron, 286 Mo. 409; Bagnell v. Railway, 242 Mo. 21; Mangold v. Bacon, 237 Mo. 512; Bealey v. Smith, 158 Mo. 522; Bird v. Sellers, 122 Mo. 32; Rutledge v. Mo. Pac. Ry. Co., 123 Mo. 131; Wilson v. Beckwith, 140 Mo. 382. (2) The rule is that a bona fide occupant, holding possession of land under color of title, is not liable for the increased rental value of the land caused by improvements put upon it by himself, but that the rents must be computed upon the basis of the condition of the land when defendant took possession, and the opinion of this court in this case (301 Mo. 51) wherein a contrary view is expressed, is erroneous, inequitable and unjust, and its application inflicts such great injustice upon an occupying claimant that said opinion should not be followed, but overruled. 19 C. J. 1242; 31 C. J. 339; 7 R. C. L. sec. 38, p. 843, note B; Sedgwick & Wait on Trial of Title to Land (2 Ed.) sec. 678; 3 Sedgwick on Damages (9 Ed.) sec. 909a, p. 1879; Rector v. Gaines, 19 Ark. 70; Armor v. Frey, 253 Mo. 479; Byrne v. Byrne, 289 Mo. 125; Butler v. Gaines, 19 Ark. 95; McCarver v. Doe, 135 Ala. 542; Wisdom v. Reeves, 110

Ala. 418; Southern Cotton Co. v. Henshaw, 7 So. 760; Dozier v. Mitchell, 65 Ala. 511; Lee v. Humphries, 124 Ga. 539; Winn v. Rainey, 113 So. 9; Averett v. Brady, 20 Ga. 523; Beverly v. Burke, 9 Ga. 440; Elliott v. Armstrong, 4 Blackf. 421; Deitzler v. Wilhite, 55 Kan. 200 ; Gibson v. Fields, 98 Pac. 112; Haskins v. Spiller, 3 Dana, 573; Neale v. Hagthrop, 3 Bland. 551; Hodgkins v. Price, 141 Mass. 162; Curry v. Fish Co., 93 N. W. 986; Tatum v. McLellan, 56 Miss. 352; Belotti v. Bickhardt, 167 N. Y. Supp. 19; Jackson v. Loomis, 4 Cow. 168; Little Rock v. Jeuryens, 202 S. W. 45; Nixon v. Porter, 38 Miss. 401; Ball v. New Orleans, 28 So. 109. (3) Under the evidence adduced and the instructions given for plaintiff, defendant was required to pay double rent for part of the crop year of 1925-6. Instructions 5 and 8; Dunbar v. Dunbar, 168 Ill. App. 42; 23 C. J. 156; 7 Ency. Ev. 894; Mfg. Co. v. Cunningham, 73 Mo. App. 379; Garth v. Cardwell, 72 Mo. 628. (4) The plaintiff was entitled to recover only the net value of one-half the crops, and the court erred in instructing the jury to return a verdict for one-half the gross value. Averett. v. Brady, 20 Ga. 523; Dunlap v. Yoakum, 18 Tex. 582; Hodgkins v. Price, 5 N. E. 503. (5) It was error for the court to permit counsel for the plaintiff, in his closing argument, to state that the defendant went to the county court and got that body to blindly sell him the land at $1.25 an acre, and in asserting, after objection had been sustained, that $1.25 an acre was what said land sells for, that defendant's deed shows it and plaintiff did not think to deny it, all of which statements were not supported by an iota of evidence, and were prejudicial. Moore v. Ry. Co., 268 Mo. 31; Jackman v. Ry. Co., 206 S. W. 244; Williams v. Columbia Co., 241 S. W. 970; Franklin v. Kansas City, 213 Mo. App. 154.

*Irwin & Dunn* and *Rodgers & Buffington* for respondent.

(1) Appellant occupies the novel position of attacking two former and successive opinions in this case be overruled because this court ruled therein that plaintiff was entitled to recover as his damages for the wrongful withholding of the land whatever his proof showed to be the mesne profits taken from the land by defendant after it had been cleared and put in cultivation. This rule was laid down in the first appeal, 301 Mo. 50, 254 S. W. 854. When the case was again before this court on the second appeal, 275 S. W. 32, respondent made no attack whatsoever upon this court's holding in 301 Mo. relative to plaintiff's measure of damages but being satisfied with the law as ruled in the first appeal, because satisfied with the jury's verdict in the second trial on the issue of plaintiff's damages, was perfectly willing to submit the second appeal for review on the issues raised by defendant's claim for improvements; but upon the proper

application of the law in the instant case to the facts respecting plaintiff's damages resulting in the substantial verdict as shown against defendant he becomes suddenly aroused and the law as ruled in 301 Mo. now becomes wrong and unjust. We know of no case where this court has ever reversed on a third appeal two former decisions holding the same and identical thing, yet such is the action that the appellant seeks to have this court take. In the last Anderson appeal five members of the court only were sitting and as the opinion is concurred in by three the opinion was rendered by a majority of the court as is contemplated under the Constitution. The general rule throughout the country in the absence of special statutory provision holds to this end. 15 C. J. sec. 362, p. 965. (2) A question presented in a second appeal which was ruled on in a first appeal is not for review on a second hearing. Meriwether v. Publishers, 224 Mo. 624; Carey v. West, 165 Mo. 455; Mangold v. Bacon, 237 Mo. 517. (3) What appellant wants done and seeks to accomplish in and of itself demonstrates the gross injustice that would be visited upon respondent. Throughout this case appellant through his counsel stated and took the position that at the time he took possession in 1913 the land by reason of being uncleared had not a cent of rental value. But the evidence conclusively showed that from 1916 to 1925 inclusive an average of forty to forty-five bushels of corn to the acre was raised and produced on this land each year with the possible exception of 1924, which would be a ten-year period not counting the year of 1924, and that the average value of Sutton's rent corn in the crib on the farm exceeded one dollar per bushel. By mere calculation it can be seen that Sutton on the 250 acres or more of land, that he used and rented out and produced annual corn crops thereon, in this ten-year period averaged $5,000 a year from the corn as his share of the rents and profits, making a total of $50,000 realized by him from this land. What appellant wants is that this court confine respondent to rents and profits as of the day appellant took possession of the land, which in the state the land was in at the time means that the land had no rental value, and thus respondent should be denied all rights to any part of the $50,000 appellant has made off of the land. To place a stamp of approval upon any such position would be the most striking case of gross injustice. (4) Appellant's claim that double damages were assessed against him for the wrongful withholding of the premises is erroneous. (5) Appellant's contention that he should be held accountable only for the net value of the crops is without foundation. Sec. 1827, R. S. 1919. A plaintiff in ejectment shall recover damages by way of rents and profits down to the time of assessing same and there is no limitation in said statute that such damages by way of rents and profits shall have deducted therefrom any claimed expense by the trespasser in producing such profits,

and the record fails to show that appellant was put to a cent of expense in money or labor.

BLAIR, C. J.—Action in ejectment to recover possession of certain land in Boone County, with damages for withholding same. The case went to Audrain County after change of venue. Upon a jury trial there, Anderson recovered judgment for possession and was awarded damages in the sum of $20,000. The value of the monthly rents and profits was fixed at $350. Sutton has appealed.

We will not burden the opinion with a long recital of facts. Anderson's title was determined in Anderson v. Sutton, 295 Mo. 195. The present suit in ejectment was a separate suit. Anderson appealed from two former judgments assessing damages and rents and profits. See cases by the same title in 301 Mo. 50 and 275 S. W. 32.

Anderson's right to possession is conceded. Previous reversals have been due to erroneous instructions, covering the measure of damages, and errors in the admission and exclusion of testimony. It is not seriously questioned that, in the last trial, the court followed the rule as to measuring damages laid down in the opinions heretofore written. On the first appeal it was held that the rule is not inequitable which "awards the owner rents and profits according to the value of the land for the purpose for which it has been devoted by the occupant, who is not thereby required to pay rent on the improvements made by him, but the rental value of the land measured by the increased adaptation of same for the purpose for which it has been used, although such adaptation may have been brought about by the occupant's own labor or at his expense."

We there held that Anderson was entitled to damages based upon the rental value of the property as enhanced by the improvements put upon it by Sutton, in so far as such improvements constituted a mere increased adaptation of the land for farming purposes. **Damages.** Appellant now assails that ruling as erroneous, inequitable and unjust and as inflicting such a great hardship and injustice upon the occupying claimant that our previous opinion should not be followed, even though it is a former opinion in the same case. Our ruling is said to be out of harmony with our own previous decisions in other cases and contrary to the great weight of authority generally.

Illustrations may readily be conceived where it would be inequitable and unjust to permit the true owner to recover damages against the occupying claimant, based upon the rental value of the property in its improved condition. For example, suppose that A enters upon a city lot, honestly claiming title thereto, and erects thereon a ten-story building occupying the entire lot. He collects rents therefrom for several years, when B is adjudged to be the owner. The building

erected by A constitutes most of the rental value of the lot. There is nothing unjust about limiting B's damages to the rental value of the lot, without considering the building, and requiring B to pay to A the reasonable value of the improvements erected upon the lot in good faith by A. The same situation would exist to a less extent where the occupying claimant erects valuable and permanent buildings upon land already adapted to and used for farming and the rule contended for would be just to all concerned.

The instant case, on the other hand, presents the best possible illustration of the injustice of the rule contended for when applied to all cases, regardless of circumstances. Here Sutton had been in possession of the land for fourteen or fifteen years before the last trial occurred. He had erected no substantial or costly buildings. The bulk of the improvements made by him consisted of clearing the land of brush and willows to adapt it to cultivation. Such clearing was largely done by his tenants as part consideration for their use of the land. He has wrongfully kept Anderson out of his rightful possession, at least since the suit to determine title resulted in a judgment in Anderson's favor. During every year, save one, Sutton, through his tenants, planted the land to crops, mostly corn, and thus has largely exhausted its fertility. The rental value, based upon its adaptability for raising crops, was large. Based upon the condition of the land when Sutton wrongfully, even if in good faith, entered upon the land, the rental value is negligible. In such case the reason for the rule contended for by appellant fails and the rule must be and is otherwise.

Appellant contends that Judge WALKER's opinion (301 Mo. 50) is in conflict with Armor v. Frey, 253 Mo. 447, 1. c. 479, and Byrne v. Byrne, 289 Mo. 109, 1. c. 125. In the Armor case the rightful owner lost in the trial court and consequently his damages were not assessed. No instructions or declarations of law, stating the theory of the trial court upon the measure of damages, appear in the opinion. It was held that the plaintiffs were entitled to recover possession. In that connection ROY, C., said: "Plaintiffs are not entitled to their proportion of the full rental value, but only to such proportion of what the land would rent for without the improvements." Because there was no evidence in the case from which this court could make the calculation, the case was remanded to the circuit court. The rule there announced does not appear to have been necessary to a decision of the questions before the court. But assuming that it may have been a just rule upon the facts in that case, we do not deem the statement controlling upon the facts in the case at bar.

The Byrne case was ruled on the sole Missouri authority of the Armor case. The improvements, which were there taken out of consideration in calculating rental value, were farm buildings of perma-

nent character, walls, etc., and not mere improvements in adapting the land to the purposes of agriculture.

Judge WALKER'S opinion in 301 Mo. 50, is not in conflict either with the Armor case or with the Byrne case, when full consideration is given to the difference in the facts. Appellant cites 19 Corpus Juris, 1242, and 31 Corpus Juris, 339. There the general rule is stated as contended for by appellant. However, it should be noted that in 31 Corpus Juris, 339, it is said that "it has also been held, independently of statute, that the occupant may be charged rent on the land in its improved condition, where the improvements consist in preparing the land for the purpose for which it is used."

Appellant has cited a number of cases from other jurisdictions, with which, he contends, our former decisions conflict. We will not enter into a consideration of them for, if the cases hold as claimed and cannot be distinguished, such rulings would constitute no sufficient reason for departing from our former decision in this case. While authority can be found in the decisions of the courts of other states in harmony with our former opinion and decisions can be found in our own state in full harmony therewith, including the second appeal in this case (275 S. W. 32), we do not deem it necessary to discuss such cases. No sufficient reason appears why the rule of *stare decisis* should not be applied.

It is contended that, by appellant's instructions numbered 5 and 8, a double recovery of damages was authorized for part of the crop year 1925-26. Instruction 5 in substance told the jury that, if it

**Instructions.** found Sutton was in possession of the land from March 6, 1915 (five years before summons was served in this case), to the present time (date of trial September 24, 1925), and rented the premises to tenants and received one-half of the crops grown on the land as rent and that such was the usual and customary rental of similarly situated lands in the vicinity, then the jury should ascertain and determine the reasonable value of one-half the crop received by Sutton in determining the value of the yearly rents and profits, etc. Instruction 8 authorized the jury to ascertain and declare the value of the monthly rents and profits from the date of the verdict in this case until Sutton should surrender possession of the land to Anderson.

There is no merit in the contention that these two instructions authorize a double recovery for part of the year 1925-26. Instruction 5 merely laid down a rule by which the value of yearly rents and profits could be measured. It did not authorize the assessment of such damages to any certain date. Instruction 8 covered the period, if any, elapsing between the trial date and date of delivery of possession by Sutton. At most it is a case of non-direction and not misdirection as to a proper separation of the two periods for which rental

values were assessable. Sutton might have requested, but did not request, an instruction on that subject. The court was not guilty of misdirecting the jury on the point.

It is contended that the trial court erred in not limiting the amount of Anderson's recovery of damages to the net value of the crops received by Sutton. Appellant has not pointed out any evidence in the record upon which the jury could base a finding making **Net Value** an allowance to Sutton for his labor and expenses, if any, **of Crops.** in connection with acquiring his share of the crops. Appellant asked no instruction on the subject, even if there was any evidence upon which to base such an instruction. We find no merit in the contention.

In his brief appellant complains of injustice done him because of the setting aside of a former consolidation of this case with his own suit for recovery of the value of the improvements. We are unable to see how that question is before us on the record **Consolidation** brought here. Outside of our knowledge of the his-**of Suits.** tory of the litigation and our opinion in 275 S. W. 32, holding that consolidation was improper, there is nothing in the record now before us to show that such consolidation ever occurred or that such consolidation was later set aside. The motion for new trial contains not the slightest reference to either. Hence, the point is not properly before us.

We cannot pass the point, however, without suggesting that appellant erroneously seems to think that this court, in 301 Mo. 50, l. c. 62, held that consolidation was proper and, in 275 S. W. 32, held it to be improper, and that the court has thus changed front on the question. Views expressed in a separate concurring opinion of an individual judge are not the views of the court, unless it appears that the majority of the court concurred in such separately expressed views. The separate concurring opinion found in 301 Mo. at page 62 was the opinion of one judge only, was not concurred in by any other judge and was not in any sense the opinion of the court. This court never has held that consolidation was proper in this case. In fact the opinion in 275 S. W. 32, holding that consolidation was improper, was concurred in by the very judge who made the suggestion concerning consolidation in 301 Mo. at page 62. Such concurrence was doubtless secured because Section 1834, Revised Statutes 1919, was overlooked by him when the suggestion of consolidation was made, as was pointed out by Judge WOODSON in 275 S. W. at page 33.

The final contention to be noticed is alleged improper argument to the jury by counsel for respondent. One instance was the statement that Sutton only paid $1.25 per acre for the land when he bought

it from the County Court of Boone County when there was no evi-

**Argument to Jury.** dence in the record of the price paid. The court sustained objection to this line of argument. Appellant's complaint seems to be that respondent's counsel kept right on and repeated the statement after the court had sustained the objection and had reprimanded him. No exception was saved to the sufficiency of the reprimand. No motion to discharge the jury was made. Assuming, without deciding, that the argument was improper, it would seems that if appellant thought at the time that the argument was prejudicial and disastrous to his case, he should have asked for the discharge of the jury and a continuance of the case at respondent's cost, rather than apparently to have acquiesced in the rulings of the court favorable to him and to have speculated upon the chances of a favorable verdict and, when the verdict turned out to be unsatisfactory, to ask this court to reverse the judgment on account of the argument.

We see nothing improper in the court's action in sustaining respondent's objection to the statement that a purchaser of land from the county court often loses the land and is left with the bag to hold. Anderson's title to the land and his right to possession were not disputed in this case. The argument served no proper office except to prejudice the jury improperly.

The argument of respondent's counsel that appellant could have surrendered the land in March, 1920, and avoided all liability for future rents and profits was obviously correct. Counsel qualified that remark by saying that appellant would not lose his improvements for which he had already brought suit. Of course, appellant could have yielded possession of the land in response to respondent's suit for possession, to which he was admittedly entitled at that time, and would have incurred no liability for rents and profits accruing after such surrender. Such surrender could not affect his pending suit to recover the reasonable value of improvements, for which he would have been entitled to recover, if he had not made such surrender.

We have considered all of the assignments of error made in appellant's brief and find them to be without substantial merit. This is the third trial of the suit for damages for withholding possession of the property of which Anderson is the conceded owner and to the possession of which he is admittedly entitled. The law of the case has been settled by our two prior decisions. No sufficient reason appears for departing from such former decisions. Under authority of those decisions appellant has no substantial basis for complaint against the judgment rendered at the last trial. Alleged procedural errors are found to be without substantial merit.

The judgment is affirmed. All concur, except *Ragland* and *Gantt, JJ.,* not sitting.