T. F. SUTTON, Appellant, v. BEN M. ANDERSON, Appellant.—31 S. W. (2d) 1026.

Court en Banc, September 11, 1930.

*Abbott, Fauntleroy, Cullen & Edwards* and *W. W. Botts* for Sutton as appellant.

*Dinwiddie & Sapp, Irwin & Bushman* and *Fry & Hollingsworth* for Anderson.

ATWOOD, J.—This case reaches us on cross-appeals and comes to the writer by reassignment after a second hearing. It is the last of a group of related cases here heard on appeal between T. F. Sutton and Ben M. Anderson and connected with a tract of about four hundred acres of land in Boone County, Missouri. For the sake of brevity the parties will be referred to as Sutton and Anderson. A resume of this litigation, and particularly the proceedings in the instant case, is necessary to a consideration of the errors assigned.

The first case was a proceeding to try and determine title to this land, instituted by Anderson against Sutton, in the Circuit Court of Boone County, March 5, 1920. Therein Anderson obtained judgment April 30, 1920, Sutton appealed, and this court affirmed the judgment August 9, 1922. [Anderson v. Sutton, 295 Mo. 195, 243 S. W. 643.] On September 3, 1920, Anderson sued Sutton in ejectment and for the recovery of rents and profits, resulting in a judgment in favor of Anderson for possession only, from which Anderson appealed to this court where the judgment was reversed and the cause remanded October 6, 1923. [Anderson v. Sutton, 301 Mo. 50, 254 S. W. 854.] On November 22, 1922, Sutton commenced this proceeding against Anderson to recover the value of certain improvements he claimed to have made upon said lands while in possession. On December 21, 1922, plaintiff Sutton obtained written order of the circuit court in this case restraining Anderson, plaintiff in said ejectment proceeding, and the Sheriff of Boone County, from attempting to execute writ of ouster previously obtained on plaintiff's said judgment in ejectment, which restraining order was continued in force until April 14, 1927, when Sutton surrendered possession of the premises as hereinafter stated. The trial court consolidated this improvements case with the ejectment and rents and profits case, when the latter was retried in January, 1924; Anderson appealed from the judgment rendered, and this court on May 23, 1925, reversed the judgment and remanded the cause for a new trial. [Anderson v. Sutton, 308 Mo. 406, 275 S. W. 32.] The venue of both cases was then changed to the Circuit Court of Audrain County where the action in ejectment was retried in September, 1925, resulting in a judgment in favor of Anderson for possession and damages in the sum of $20,000, and the value of the monthly rents and profits was fixed at $350. Sutton appealed therefrom and the judgment was affirmed by this court on April 8, 1927. [Anderson v. Sutton, 316 Mo. 1058, 293 S. W. 770.]

Attending further to the record of the improvements case (which is the case we now have under consideration), it appears that proceedings therein were stayed pending determination of the ejectment case in this court, and after our mandate came down in that case

plaintiff, Sutton, on April 14, 1927, filed a motion in the improvements case entitled: "Motion for Leave to Substitute Rent for Land and Lien." This motion recited that in said action in ejectment Anderson had obtained judgment for the possession of the land in dispute and for $28,400 on account of rents and profits arising out of said land, including interest to date. The motion then continued as follows:

"Plaintiff says that he is now about to pay the clerk of this court in satisfaction of the judgments for rents and profits arising out of said land, said sum of $28,400, and he is also about to pay and now offers to pay all costs in said ejectment suit.

"Plaintiff says that the above entitled action is one to recover the value of improvements made by him on the land described in this petition and in the ejectment suit; and that said action has been pending in court since the 22d day of November, 1922, and will be upon the docket of this court for trial at the next regular term of said court.

"That it is shown in said petition the said Sutton seeks to recover from the said Anderson, the sum of $15,000 on account of improvements and betterments on the land involved in the ejectment suit and also for taxes paid for a large number of years; and that on account of the nature of said suit, as security for said claim, the said Sutton was entitled to retain the possession of said land and is in equity entitled to a lien upon all the rents, issues and profits arising from said land, and by virtue of the statutes, Section 1836, and the practice under said statute, an injunction or order may be granted protecting the said plaintiff in his right to be paid the value of said improvements; and it is the law of this case as held by the Supreme Court in the opinion just handed down on the last appeal, that the said Sutton has a right to surrender the possession of said land without effecting or impairing his right to recover the reasonable value of improvements. And plaintiff says that the rents, issues and profits now about to be paid into court, all of which arise out of said land, are more than sufficient to pay any judgment that said plaintiff may obtain in this action, and he prays the court that he be permitted to pay into court the said sum of $28,400 on account of said rents and profits; and that the court authorize the clerk of this court to hold the sum of $15,000 until the termination of the suit for improvements; and that the remainder of said $28,400 be paid to defendant and his counsel.

"Plaintiff says that he has surrendered and does now surrender to the said Ben M. Anderson possession of the real estate described, and in lieu of enjoining the defendant, Ben M. Anderson, his agents and attorneys from taking possession of said land, that the court enter an order enjoining, restraining and directing the said Ben

M. Anderson from collecting said sum from the clerk of this court and from issuing any execution to collect said sum of $28,400, until such time as a final judgment may be entered in this action; all upon the condition that the plaintiff, T. F. Sutton, make and file a good and sufficient bond, conditioned that if no judgment is obtained by him in this action, then he shall pay the plaintiff interest at the rate of six per cent per annum upon the said sum of $15,000, and also that in the event he recovers less than $15,000, he shall pay six per cent per annum on the difference between the amount he recovers and the said sum of $15,000; and for such other orders and judgments as to the court may seem just and proper."

Thereupon on the same day and during the regular March, 1927, term, the court made the following order:

"Motion being now submitted to the court, argued at length by counsel for plaintiff and defendant; motion is by the court sustained as follows: defendant is ordered to deposit with the clerk the sum of $5,000 or to give good and sufficient bond to be approved by the clerk in vacation to secure plaintiff's claim for improvements in a suit now pending in this court, it is ordered that plaintiff pay defendant six per cent interest on said $5,000 for the time said amount is impounded."

It further appears that the cause was by consent set for trial at the regular June, 1927, term, on Monday, June 13, 1927, and that in the meanwhile the said Anderson and a surety executed a bond for $5,000 pursuant to the aforesaid order, bearing date of April 21, 1927, and approved by the Clerk of the Circuit Court under date of April 22, 1927. The cause was continued by stipulation to the September, 1927, term, when defendant Anderson filed motion to set aside, rescind and annul the order theretofore made and all proceedings taken therein in this cause at the March, 1927, term, which motion was overruled, defendant excepting and being given leave to file term bill of exceptions on or before November 28, 1927. Anderson filed no term bill of exceptions. The cause was finally continued to the March, 1928, term, and on March 5, 1928, and during said term, plaintiff filed his first amended petition. On March 19, 1928, and during the same term, defendant's application for change of venue from Honorable Emil Roehrig, judge of that circuit, was duly heard and considered, and it was ordered by the court that Honorable James A. Cooley, judge of the First Judicial Circuit, be called as special judge to try this cause on March 29, 1928. On March 30, 1928, and at the same term, defendant, by leave of court, withdrew his answer and filed motion to strike out plaintiff's amended petition, which motion was overruled. Defendant also filed motion to strike out parts of plaintiff's amended petition, which motion was sustained in part. Defendant filed second amended answer, to which

plaintiff replied. Defendant also filed motion to strike out parts of plaintiff's reply, which motion was overruled. Thereafter the cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $12,800, and entry of judgment was made on April 2, 1928, and at the March, 1928, term of said circuit court, as follows:

"It is therefore considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendant the sum of twelve thousand and eight hundred dollars, the amount found by the jury to be due plaintiff by this defendant, and the cost in this suit expended, and that execution issue therefor."

Thereafter, on April 5, 1928, and at the same term, plaintiff filed motion for judgment for $19,608, notwithstanding the verdict, and also filed motion for a new trial. On April 6, 1928, and at the same term, defendant filed motion for a new trial. Thereafter, in vacation and on April 16, 1928, plaintiff filed intervening and supplemental petition. Thereafter, on May 5, 1928, an adjourned day of said regular March, 1928, term, of said court, defendant filed motion to arrest and set aside the judgment entered in said cause. It further appears that on the same day, to-wit, May 5, 1928, all of said motions, coming regularly on for hearing, were presented to the court, and the court after hearing the arguments of counsel, took said motions under advisement, and plaintiff's intervening and supplemental petition was continued. It also appears that on June 23, 1928, one of the days of the regular June, 1928, term, the court overruled defendant's motion for a new trial, to which ruling defendant excepted, overruled plaintiff's motion for a new trial, to which plaintiff excepted, and announced a further ruling as follows:

"And the further ruling is made that, the court being of the opinion that the judgment heretofore entered, being in form a general judgment enforcible by execution, is one that cannot legally be entered in this kind of a case, and that that judgment in so far as it is a general judgment enforcible by execution be set aside and judgment entered in substance giving the plaintiff a lien on the $5,000 which was ordered by the court impounded in the hands of the clerk or in lieu thereof that a bond in that amount be given, and which sum is therefore still in the jurisdiction of the court in this case, and that that judgment go also against the sureties on that bond and the money paid back to the clerk to be paid to the plaintiff, or that is the substance of the judgment that will be entered, it being my opinion, as I stated to counsel a moment ago, that the plaintiff by surrendering the land lost his lien on the land and that that lien cannot now be enforced by the court; and that the effect of the orders heretofore made in this case as to the money was to release so far as this case is concerned all of the money excepting the $5,000 referred to and consequently I think that the lien on that

money as well as the land has been lost, and the judgment, if- I am able to write it as I have it in mind, will be in accordance with that idea.''

Counsel for plaintiff excepted to the above ruling. Plaintiff's intervening and supplemental petition was also overruled, to which ruling plaintiff excepted. Plaintiff, by leave of court, thereupon filed motion to set aside the order entered on April 14, 1927, at the regular March, 1927, term of court, wherein defendant was permitted to file a bond for $5,000, which motion was overruled, plaintiff excepting. It further appears that on the same day and at the regular June, 1928, term of court, judgment was entered of record, over the objections and exceptions of both plaintiff and defendant as follows, to-wit:

''Now on this June 23, 1928, the judgment heretofore entered under date of April 2, 1928, in the sum of $12,800 being the verdict of the jury in this cause is by the court set aside and a modified judgment is by the court entered in the sum of $5,000.''

A record entitled, ''Modified Judgment,'' follows, setting forth said judgment in full. Thereafter, on the same day and during said regular June, 1928, term, of said court, plaintiff filed motion to set aside said modified judgment, supplemental motion for a new trial, and motion in arrest of judgment. On the same day and during the same term defendant, by leave of court, refiled his motion for a new trial theretofore filed. Thereupon, said motions coming on to be heard they were separately heard and overruled, and each of the parties perfected his appeal to this court. Cross-bill of exceptions covering proceedings before the special judge was filed, to which plaintiff appellant attached and therewith presented his term bill of exceptions covering proceedings had in this cause prior thereto before the regular judge, to which term bill of exceptions defendant appellant has noted and filed his objections.

In Sutton's printed statement of the issues, summary of prior argument and briefs and additional suggestions, filed in connection with our rehearing of the case on November 4, 1929, he states and argues the point that the trial court had no power to set aside and modify the judgment rendered in favor of Sutton against Anderson on April 2, 1928, during the regular March, 1928, term, of said court, in the sum of $12,800, as it attempted to do by entry of the modified judgment, so called, on June 23, 1928, during the regular June, 1928, term, of said court. In his reply thereto Anderson insists that Sutton ''wholly failed to complain of said action of the trial court either in his Assignment of Errors or under his Points and Authorities;'' that Sutton's brief filed on November 4, 1929, ''does not contain an Assignment of Errors or a separate statement of the Points and Authorities relied upon by him

as required by Rule 15 of this court and by Section 1511, Revised Statutes 1919," and that, therefore, this point and argument in support thereof cannot be considered.

Upon investigation of Anderson's foregoing objections we find that the point in question appears in heavy type under subdivision numbered 1 of Sutton's above mentioned brief filed in connection with the rehearing on November 4, 1928. It is also distinctly stated as Point I in Sutton's printed Points and Authorities filed by leave of court in connection with said rehearing. The modified judgment entered on June 23, 1928, was challenged as irregular and rendered without legal authority in Sutton's timely motions for a new trial and in arrest. This is not a case where it can be said that the point in question is beyond the scope of the errors assigned in the circuit court, or that it did not appear among the points and authorities listed at the rehearing, or that Sutton filed an insufficient statement of the facts. Therefore, the numerous authorities cited along these lines in Anderson's behalf are not in point. It follows that Sutton has violated neither our Rule 15, nor Section 1511, Revised Statutes 1919.

Counsel for Anderson also insist that none of the specifications in Sutton's motion for rehearing challenged the power of the lower court to modify the original judgment on its own motion at a subsequent term, and that consequently, the above proposition was not included in said motion. At the same time they argue that it could not have been included in said motion, because, they say, no such question was presented by Sutton for our determination at the first hearing. These claims, if supported by the record, might well be urged if we were now passing on suggestions in support of a motion for rehearing resting upon grounds not presented to us on the first hearing. In Phippin v. Mo. Pac. Ry. Co., 196 Mo. 321, 350, 93 S. W. 410, cited by Anderson, we held that a new point not covered by the motion itself and not previously stressed either in the circuit court or in this court should not be considered. But that is not this case. Sutton's motion for rehearing and suggestions in support thereof presented several distinct grounds. This court sustained the motion generally and a rehearing was granted. This court en banc held in Morris v. Light & Power Co., 302 Mo. 475, 481, 258 S. W. 431, that "upon rehearing in a division or after transfer to the Court en Banc, a case stands just as if it had not been previously heard and submitted." The doctrine has since been approved by this court en banc in Frohman v. Lowenstein, 303 Mo. 339, 348, 260 S. W. 460, and In re Guardianship of Angela McMenamy, 307 Mo. 98, 116, 270 S. W. 662. Therefore, on the rehearing Sutton had the right to raise and press any point covered by his motion for a new trial below, and Anderson

does not attack the sufficiency of the motion for a new trial in that respect. It seems clear that Sutton has not proceeded in violation of our Rule 21.

Nor can we agree with Anderson's further contention that on the rehearing Sutton must be deemed to have waived all points not urged at the first hearing. This court ruled to the contrary as early as Danforth v. Ry. Co., 123 Mo. 196, 205, 27 S. W. 715. We have already suggested the inapplicability of Phippin v. Ry. Co., 196 Mo. 321, 350, 93 S. W. 410, and for similar reasons Mastin v. Ireland, 8 S. W. (2d) 900, 903, 320 Mo. 617, also cited by Anderson, does not apply.

Counsel for Anderson further says that Sutton's argument here in question is inconsistent with the theory upon which he has previously presented his case. The record does not bear out this contention. In Paragraph II of Sutton's motion for a rehearing he said that the ruling of this court approving the action of the trial court in denying him all remedy to enforce $7,800 of his verdict was erroneous and ''not in accordance with the rules for the enforcement of rights recognized in our system of jurisprudence, and the order sustained amounts to an arbitrary amendment of the verdict of the jury,'' in conflict with specified constitutional provisions. In his supporting suggestions, among other things he said that this ruling was ''not in accordance with the rules of the common law or any practice that has heretofore been sustained by this court or any other court, . . . The action of the circuit court in striking from our verdict $7,800 is, in effect, an amendment of the verdict of the jury and is in conflict with the rulings of this court and is not an order made 'according to the rules of the common law.' [U. S. Constitution, Amendment 7.] . . . The learned judge who wrote the opinion in this case overlooked the fact that the principal complaint which Sutton makes on this appeal is that the court erred in modifying the verdict in such a way as to leave it enforceable for $5,000 only, when the amount of it was $12,800. That the court was without power or authority to do this, and that such an order was in violation of fundamental rights recognized by the common law and the Constitution is clearly sustained by the authorities heretofore cited, all of which have been overlooked by the court in the opinion, and for this reason alone the case should be reconsidered.''

Anderson rests his claim that Sutton has adopted a new theory upon the following quotation from Sutton's original brief as appellant:

''We are not insisting here, nor did we insist in the court below, that plaintiff was entitled to a personal judgment, upon which a

general execution might issue and be levied upon any property belonging to defendant."

This expression occurred in Sutton's argument on the several remedies mentioned and contended for in his brief. In the same paragraph and immediately following is this sentence, which Anderson's counsel failed to include in the above quotation: "However, we are of the opinion that under the pleadings and the facts in this record plaintiff is entitled to such relief." Elsewhere in this and in subsequent briefs Sutton insisted that in such a case such a judgment was clearly authorized. Nowhere in Anderson's motion for a new trial, filed in connection with the original judgment of April 2, 1928, and refiled in connection with the modified judgment of June 23, 1928, did he challenge the original judgment on the ground that it was a general or personal judgment. No such question was ever raised until more than thirty days after the original judgment was entered, when on May 5, 1928, Anderson filed a motion to arrest and set aside said judgment on the alleged grounds that it was erroneous, not responsive to the issues made by the pleadings, and void because the court did not have power to enter a personal judgment against him in said cause. On the other hand, in his motions for a new trial and in arrest of modified judgment entered June 23, 1928, both of which were filed within proper time, Sutton vigorously attacked the modified judgment on numerous grounds, among which were the claims that the modification was irregular, improper, not in accordance with the principles and practices of the common law, that the court was without power or legal authority to enter such a judgment, and that "the case was tried upon the theory that plaintiff was entitled to a general judgment against the defendant for the fair and reasonable value of the improvements and on motion for new trial or in arrest of judgment the defendant was estopped from making any contrary contention." The record abundantly shows that Sutton has always insisted and still insists that among the rights and remedies to which he is entitled in this case is the right to a personal judgment, although at the same time insisting that he may be given adequate relief by a special judgment for the amount of the jury's verdict. Being of the opinion that the point in question is properly before us we shall proceed to consider it on the merits.

The record shows that the general judgment in favor of Sutton for $12,800 was rendered at the regular March, 1928, term, while the modified judgment was rendered at the regular June, 1928, term of the circuit court. Neither Anderson's nor Sutton's motion for a new trial, both of which were timely filed, in anywise challenged the regularity or validity of this judgment on the ground that it was a general and not a special judgment. The only suggestion of this

kind that was made at the regular June, 1928, term, appears in Anderson's motion in arrest, which was filed more than thirty days after the judgment was rendered and not within the time allowed for filing motions in arrest of judgment. [Sec. 1456, R. S. 1919.] These and other motions were on May 5, 1928, and during the regular March, 1928, term, presented, heard, and by the court taken under advisement. They were not ruled at that term, nor was the judgment vacated, set aside or in any way modified at that term. Sutton insists that Anderson's said motion was merely a belated motion in arrest without legal status or effect (State ex rel. Conant v. Trimble, 311 Mo. 128, 144, 277 S. W. 916), that the trial court might have set aside, vacated or modified the judgment at that term, but under the circumstances shown by the record it had no power to do so thereafter. Anderson contends that it was a motion to set aside a judgment for irregularity authorized by and timely filed under Section 1552, Revised Statutes 1919, and that having been carried over to the next term under advisement the trial judge had power at the subsequent term to sustain it and modify the judgment. The body of the motion in question is as follows:

"Now comes the defendant and moves the court to arrest, and set aside, the judgment entered herein against the defendant for the following reasons:

"1. Upon the record said judgment is erroneous.

"2. The judgment is not responsive to the issues made by the pleadings.

"3. The judgment is irregular, improper and void because the court did not possess the power and legal authority to enter a personal judgment against the defendant in this cause."

We are of the opinion that this motion was not drawn in contemplation of Section 1552, Revised Statutes 1919, or ever so considered by the trial court. It asks the court to *arrest* and set aside the judgment. On page 22 of their Suggestions in Opposition to Motion for Rehearing Anderson's counsel themselves refer to it as their "motion in arrest complaining of the form of the judgment." The record noting that it was heard and taken under advisement refers to it as "defendant's motion in arrest of judgment." It is not again referred to in the record. Thereafter the trial court ignored it, apparently treating it as a motion in arrest filed out of time. There is no allusion to it in the modified judgment entered at the subsequent term or in any entry connected therewith. We must conclude that the judgment entered at the regular March, 1928, term, was set aside and a modified judgment entered at the regular June, 1928, term, of the court's own motion. Referring to belated motions in arrest, this court en banc has said in State ex rel. Conant v. Trimble. 311 Mo. 128, 144, 277 S. W. 916:

"At the very most they are but mere suggestions to that court that the judgment should be set aside, within the judgment term, when the court has the judgment within its breast. A failure to act upon such suggestions does not keep the judgment from becoming a finality at the end of the term, and it continues to be such for all time. These belated motions are but mere scraps of paper, without legal status, or legal effect. The rights of the court of its own motion, or upon the mere suggestion of a party, to set aside a judgment, expires with the close of the judgment term. Timely motions, which have a legal status, may serve to carry a case over the judgment term, and thus authorize an appeal at a later term."

Counsel for Anderson also say that continuance of the timely motions for a new trial and Sutton's motion for judgment notwithstanding the verdict carried with them the original judgment so that this judgment was as much in the breast of the trial court at the succeeding term as it was at the preceding term. This question, arising upon a motion for a new trial, was thus ruled by Division One of this court in Gray v. Missouri Lumber & Mining Co., 177 S. W. 595, 596:

"But after the lapse of the term of their rendition the court loses all jurisdiction over the verdict or judgment rendered before the expiration of the term, except where a statutory motion for new trial was filed during the term, and has been regularly continued to a subsequent term, in which event the court may act upon the motion, and grant a new trial for the causes therein stated, but cannot then exercise its common law power, for that expired with the adjournment of the judgment term. This rule is clearly set forth after a full review of the precedents in the opinion of GRAVES, J., in the following succinct terms:

" 'The statute does not preclude the court in the exercise of its common-law power to protect the sanctity and justice of its own judgments, if such power is exercised at the term, and before the court has lost control of such judgment by the lapse of the term.' [Ewart v. Peniston, 233 Mo. l. c. 709, 136 S. W. 425.]

"It follows that, when the court granted a new trial in this case at a term following its verdict and judgment, it had no power to regard anything outside of the ground set forth in the motion for a new trial which had been regularly continued to that term, and that the contention of the respondent that the court could then exercise its common-law power to set aside its decree at a former term is wholly untenable."

We think the same rule applies to a motion for judgment notwithstanding the verdict which has been carried over to a subsequent term, especially in view of our holding in State ex rel. Conant v. Trimble, 311 Mo. 128, 142, 277 S. W. 916, that such a motion is "practically covered by our statutory motions for new trial and in arrest of judgment." We have already called attention to the fact that none of these motions attacked the original judgment on the ground that the trial court had no power to render a general judgment in the case. It follows that the trial court was without power at the subsequent term to vacate the original judgment entered at the preceding term and enter the so-called "modified judgment." In view of this conclusion and Sutton's suggestion in his last reply brief that this court consider only the question of setting aside the modified judgment and reinstating the original judgment, we deem it unnecessary to discuss Sutton's other points and assignments of error.

Directing our attention now to Anderson's assignment of errors, based on his motion for a new trial timely filed in connection with the original judgment, we find that his first contention is as follows:

"The court erred in refusing to direct a verdict for defendant either at the close of plaintiff's evidence, or at the close of all the evidence, as requested by defendant's instructions numbered 16 and 15."

This is urged on the ground that although Sutton was in possession of the land at the time he commenced this proceeding to recover the value of his improvements, he surrendered possession thereof to Anderson before the case was actually tried and, therefore, could not thereafter further maintain his suit for improvements. On the face of the record Anderson is in no position to make this contention. Upon Sutton's surrender of the premises on April 14, 1927, the court ordered Anderson "to deposit with the clerk the sum of $5,000 or to give good and sufficient bond to be approved by the clerk in vacation to secure plaintiff's claim for improvements in a suit now pending in this court." Without objection or exception Anderson thereupon consented that the case be set down for trial at the regular June, 1927, term, and in the meanwhile complied with the court's order by filing bond for $5,000 which was approved by the clerk on April 22, 1927. Thereafter he stipulated for a continuance of the cause to the September, 1927, term, when he filed a motion to set aside, rescind and annul the order theretofore made and all proceedings taken therein at the March, 1927, term, which motion was overruled. Defendant excepted, was given leave to file term bill of exceptions on or before November 28, 1927, but never filed same, nor did he assign error in his motion for a new trial to the court's action in

making this order. Indeed, he claims that Sutton is bound thereby. After such a course of conduct he will not now be heard to say that Sutton had no right to go forward with his improvements suit after surrendering possession of the premises.

Furthermore, in the ejectment case of Sutton v. Anderson, 293 S. W. 770, 773, 774, 316 Mo. 1058, 1066, we said:

"The argument of respondent's counsel that appellant could have surrendered the land in March, 1920, and avoided all liability for future rents and profits was obviously correct. Counsel qualified that remark by saying that appellant would not lose his improvements, for which he had already brought suit. Of course, appellant could have yielded possession of the land in response to respondent's suit for possession, to which he was admittedly entitled at that time, and would have incurred no liability for rents and profits accruing after such surrender. Such surrender could not affect his pending suit to recover the reasonable value of improvements, for which he would have been entitled to recover, if he had not made such surrender."

It cannot be said that the above ruling is *obiter dictum* because upon its face it appears to have been called for by an objection ▃▃▃ urged by appellant against an argument made in respondent's behalf. [15 C. J. p. 950, sec. 344; State ex rel. v. St. Louis, 241 Mo. 231, 145 S. W. 801.] On examination of the record in that case, in order to know what was then in fact before the court, we find that the ruling arose as follows. In arguing the case to the jury counsel for Anderson stated that Sutton could have surrendered possession of the farm any time after March, 1920. When counsel for Sutton objected, and said that if Sutton did surrender possession he would lose his improvements, counsel for Anderson replied:

"He wouldn't lose his improvements. He has already brought his suit and the law says that he must bring his suit before possession is over, and he testified that he had brought the suit."

Counsel for Sutton then said:

"Now, your Honor, I object to that. That is not the law."

The trial court overruled the objection, counsel for Sutton then and there excepted and saved his exception, and the court's action in so ruling was duly assigned as error to this court. The point was briefed, argued and fully presented here and it then became our duty to decide whether or not Sutton was prejudiced by the argument of Anderson's counsel that he could have surrendered possession of the land without affecting his rights to recover in his suit for improvements. In the discharge of that duty we expressly ruled that Sutton had the right to surrender possession of the land without prejudice to the further prosecution of his improvements

suit, and that in so arguing to the jury counsel for Anderson had not injected error, because such was the law. Counsel for Sutton specifically referred to this ruling in his motion tendering possession of the land, which was filed in the improvements suit, and no refinement of reasoning can efface the fact that the ruling was necessary to a determination of the appeal in the ejectment case and is now controlling as to Sutton's right to surrender possession of the land and at the same time continue to prosecute his suit previously commenced for the value of his improvements. Anderson's first assignment of error is overruled.

Anderson next assigns error in the court's refusal to give his requested instruction numbered 14. The instruction is as follows:

"The court instructs the jury that the plaintiff cannot recover against defendant for improvements made or placed on the real estate in dispute more than five years next prior to the institution of this case, which was filed November 22, 1922."

Counsel for Anderson say that the foregoing instruction was offered and refused in a former trial of this improvements case (Anderson v. Sutton, 308 Mo. 406, 275 S. W. 32), and upon appeal, such refusal being assigned as error, this court, speaking through Woodson, J., sustained Anderson's contention. All that was said in that opinion, relative to appellant's proffered instruction as to recovery for improvements, is as follows (1. c. 421, 422):

"Again it is insisted by counsel for appellant that the court erred in refusing instruction number 2 requested by him. It in effect told the jury that if they believed from the evidence that the crops received by the respondent from year to year from the land paid the cost and expenses of the improvements he made upon the land for such years, even though he had no notice of appellant's claim to the land, then he should not recover from the appellant any sum for the improvements for which he had been paid by said annual crop. In our opinion this instruction should have been given, for the reason that if respondent received pay for his annual improvements from the annual rents from appellant's lands, then he should not be permitted to recover for them a second time, notwithstanding the fact that appellant could not sue for and recover said rents on account of the Statute of Limitations. This is upon the theory that if the value of the annual crop received by respondent equaled or exceeded the value of the annual improvements made upon the premises, then the one paid and discharged the other, and consequently there was nothing remaining due the respondent for those annual improvements."

Even if the above language were given the meaning now ascribed to it by Anderson's counsel it would not be controlling in this case,

because the reasoning of that opinion was never endorsed by a majority of the court. Moreover, the instruction there epitomized is evidently not the instruction here under consideration, nor would the reasoning there advanced support the instruction here in question. The distinction is apparent upon an examination of Starks v. Kirchgraber, 134 Mo. App. 211, 219, 113 S. W. 1149, and Byrne v. Byrne, 233 S. W. 461, 289 Mo. 109, cited as announcing the same general doctrine above stated. No claim for improvements was asserted in the Stark case, and the decision in the Byrne case is expressly limited to the ruling (l. c. 465) "that rents or profits, prior to the statutory period of five years, which are barred by said Section 2394 in proceedings in ejectment, can only be used in equitable proceedings in partition as an offset against a claim for improvements and taxes paid, and not that the balance, if any of such rents, over the value of such improvements, could be recovered or charged against the occupying cotenant." Above instruction numbered 14 does not hypothesize a situation predicating the right of offset, as evidently contemplated in the Judge WOODSON opinion and as authorized in the Byrne opinion. This assignment of error is also overruled.

Anderson's third assignment of error is on account of the court's refusal to give his requested instruction numbered 11, which reads as follows:

"The court instructs the jury that if they shall find from the evidence that the plaintiff entered into the possession of defendant's land in the spring of 1911 and 1912, and began to clear parts of the same for cultivation, and that from year to year and until September 3, 1915, he continued to increase the acreage of cultivatable land, and that he recovered therefrom the growing crops, from year to year during said period of time, to an amount sufficient to reimburse him for the improvements made thereon during said period of time and that he received his pay therefor out of such annual crops, if any, then the jury will treat such rents and profits, arising from such cultivation of said lands, as a set-off against the plaintiff's claim for improvements to the extent and value of such annual crops, but you cannot find for the defendant, Anderson, for any excess which said crops may have exceeded the value of the improvements made thereon during said period of time."

This instruction was properly denied because there was no evidence of the value of the crops raised on the land during the period covered by this instruction.

Anderson's fifth assignment of error is that the court erred in refusing to give his instruction numbered 12, which told the jury that

they were to "disregard all evidence relative to the amount of money, if any, Anderson recovered from Sutton, in another suit, for the use and occupancy of the land in controversy." Plaintiff was suing for the value of his improvements and the measure of his damages was the enhanced value of the land caused by such improvements. Hence, plaintiff and defendant each introduced evidence to show the effect of such improvements upon the value of the land, and evidence of the rental value from time to time. But we do not find that any evidence was ever submitted to the jury as to the amount Anderson recovered from Sutton in his suit for rents and profits. This instruction was properly refused.

Anderson's fourth and sixth assignments of error relate to his refused instruction numbered 10, and modified instruction numbered 8 as given. The defendant asked Instruction 10, which the court refused as asked, but after modification gave it as modified Instruction 8. As thus given it was to the effect that if the jury should find for Sutton he was not entitled to recover the amount the improvements cost him, but only entitled to recover the reasonable worth of the improvements to the land on April 14, 1927, and that the defendant was entitled to the natural increase of the land, but plaintiff was not entitled to recover for any increase in the value of the land which resulted from any cause other than the improvements, if any, made thereon without notice. The only difference between Instruction 10, as asked, and modified Instruction 8, as given, is that the former says plaintiff's recovery should be, "not to exceed, however, the reasonable cost of making such improvements," which clause was omitted in the latter. However, Anderson is in no position to complain because the record shows that his modified Instruction 8 as asked is in the same form as modified Instruction 8 as given on the court's own motion, except as to immaterial variance in dates, and they both stated that Sutton was "not entitled to recover the amount the alleged improvements may have cost him." This language is clearly at variance with the clause above quoted from requested Instruction 10, and the court did not err in refusing to give conflicting instructions.

The complaint lodged against modified Instruction 8 as given is that it conflicts with given Instruction A as to measure of damages, and because it did not limit plaintiff's recovery to the cost of making the improvements. The record shows that modified Instruction 8 was given as asked by defendant, with the exception of an immaterial variance in dates, and it contains the following:

"Even if you should find for the plaintiff, Sutton, he is not entitled to recover the amount the alleged improvements may have cost him; but if you find for him at all, he is entitled to recover, only, the reasonable worth of such improvements to the land on the 14th day of April, 1927."

If this is in conflict with Instruction A it is because it may be construed as a direction to disregard altogether the cost of the improvements. But defendant asked it and cannot now be heard to complain.

Anderson's seventh assignment of error is to the giving of Instruction A, as modified, on the ground that it made it only necessary for the jury to find that Sutton did not have notice of Anderson's claim of title at the time he purchased and entered upon said land in 1911 and 1912. Instruction A as given is as follows:

"The court instructs the jury that if you believe and find from the evidence that plaintiff Sutton and his grantors in the years 1911 and 1912, purchased the land in question from Boone County, Missouri, and received from said county patent deeds to said lands, and entered into possession of said lands in good faith, that is with an honest belief that he owned and had good title thereto, and had no notice that Anderson claimed to own the land; and that plaintiff prior to the 6th day of March, 1920, the date of the service of summons on plaintiff in the suit brought by defendant Anderson herein against the plaintiff Sutton to try title to the land in question, and in good faith and without notice as aforesaid, made improvements thereon reducing the same to a state of cultivation by clearing the same, killing the sprouts thereon, erecting tenant houses, barns and outbuildings, fences, and putting in pumps for water, then the jury will find for the plaintiff in such sum as the jury may believe from the evidence such work and improvements has increased, if any, the value of said lands on April 14, 1927; in other words, the difference in the value of said lands with said improvements made prior to March 6, 1920, and without said improvements made prior to March 6, 1920, but not to embrace in aforesaid difference any value that may have been added to said lands by causes other than said improvements."

The instruction is not subject to this objection. It clearly allows the plaintiff. Sutton compensation for improvements he made before he was served with process in the suit to determine title March 6, 1920, and Instruction 3, given for the defendant, plainly told the jury that if Sutton at any time between June 9, 1911, and March 6, 1920, had notice that the defendant claimed the land, then he could not recover for improvements made on the land after he acquired such knowledge. We are pointed to no evidence that any

such notice was given. Other criticisms of the instruction are without merit, and the assignment is overruled.

Anderson's eighth assignment of error is to the giving of Instruction C, on behalf of the plaintiff, which instruction is as follows:

"C. If under the evidence and other instructions you shall conclude to find a verdict for the plaintiff, then the amount of your verdict should be a sum equal to the enhanced value, if any, added to the farm in question by such improvements as you shall find and believe from the testimony, if any, were made by Sutton in good faith and in the honest belief that the land belonged to him and without notice of any claim on the part of the defendant Anderson that the farm belonged to him, and you should so find regardless of whether such improvements cost more or cost less at the time they were made than you may now find to be the enhanced value, if any, of the farm."

It is objected that it singles out and excludes certain evidence from the jury, and that it fails to limit plaintiff's recovery to the difference between the value of the land with and without said improvements, exclusive of the natural increase in the value of the land aside from the improvements. It clearly states the measure of plaintiff's damages as this court has defined it in this case several times. It is entirely consistent with defendant's modified Instruction 8, as given, regarding the cost of improvements. The instruction is not open to these criticisms.

Anderson's ninth and tenth assignments are that the court erred in overruling his motion to strike out plaintiff's amended petition, because it appeared on the face of the petition that plaintiff had surrendered possession, and that the verdict of the jury is against the law under the evidence, because the evidence shows that plaintiff was not in possession of the land at the time of the trial of this cause. We have already fully discussed the effect of Sutton's surrender of the premises in this case, and these assignments of error are likewise overruled.

Anderson's final assignment of error is that the verdict was the result of bias, passion and prejudice against defendant, because it is grossly in excess of the value placed upon the improvements by plaintiffs own admissions as a witness. We have carefully examined the record and briefs of counsel on this point and are satisfied that the verdict of $12,800 is supported by substantial evidence and should not be disturbed.

There are loose references to constitutional questions scattered through briefs of counsel for Anderson, but we have found nothing

in the record to indicate that any such question was properly raised and preserved in his behalf. If the general or personal judgment rendered April 2, 1928, involved a constitutional question, Anderson should not have failed to raise it in his motion for a new trial. Constitutional provisions intended to protect property may be waived (Shepard v. Barron, 194 U. S. 553, 565), and in Missouri constitutional questions will be deemed waived unless raised at the earliest possible moment consistent with good pleading and orderly procedure. [Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 690, 113 S. W. 1108, 1110.]

We have already observed that this judgment was not challenged in Anderson's motion for a new trial on the ground that it was a general or personal judgment. No objection was made to the form of verdict which was included in an instruction given on the court's own motion and returned by the jury. The only point urged in support of Anderson's demurrers to the evidence was that plaintiff had surrendered possession of the real estate before the case was tried, and we have held it to be without merit. It thus appears that Anderson has waived all matters of error as to the form of verdict and judgment.

While Anderson has not in his motion for a new trial, in his assignments of error or in his points and authorities, formally presented the question of whether or not this general or personal judgment is responsive to the issues raised by the pleadings, it is incidentally discussed in the briefs of both parties, and as a judgment is *coram non judice* and void to the extent that it goes beyond such issues (Hecker v. Bleish et al., 319 Mo. 149, 175; 3 S. W. (2d) 1008, 1019), we think it should not be passed without consideration.

The case was tried on Sutton's amended petition filed March, 5, 1928, as modified by the court's action sustaining in part Anderson's motion to strike out parts thereof, on Anderson's second amended answer filed March 30, 1928, and on Sutton's reply. Sutton's amended petition, omitting portions stricken out by the court on Anderson's motion, alleged Anderson's action in ejectment, his judgment for possession and the conveyances under which Sutton was in possession of the premises; that Sutton entered into possession thereof believing that he had good title thereto, and had no notice whatever of Anderson's adverse title until March 6, 1920; that prior to said last named date Sutton had made certain improvements on said land; that prior to the making of said improvements said land was of little value and could not be cultivated and was not fit for pasturage or any other purposes and had no rental value; that said improvements were permanent and necessary and added at least $15,000 to the value of said land, and greatly increased its

rental value; that all of said improvements were made in good faith by Sutton under the belief that he had good title to said land, he believing and having good reason to believe that said deeds, which purported to convey to him the title to said land, did in truth and in fact convey to him an indefeasible title in fee; that such proceedings were had in the action to recover possession of said real estate by Anderson against Sutton that on the 12th day of April, 1927, Anderson was placed in possession of said land, which was at that time enhanced in value in the sum of $15,000 by reason of the improvements made thereon by the plaintiff. The concluding paragraph of said amended petition, omitting portions stricken out by the court, is as follows:

"Wherefore plaintiff says that he is entitled to recover of and from the defendant the enhanced value of said farm caused by the improvements made thereon, and as before stated, said enhanced value is at least $15,000, and he prays judgment for said amount and prays that said judgment be declared a special lien upon the land above described and upon the rents and profits now held by the clerk of this court, which said rents and profits, as before alleged, have heretofore been paid by the plaintiff to the clerk of this court and are now in the hands of said clerk, and he prays judgment in addition to said sums for his costs in this behalf laid out and expended."

Anderson did not demur to the above petition and does not now contend that it failed to state a cause of action. Before filing his aforesaid motion to strike out certain parts of Sutton's second amended petition Anderson filed motion to strike out the whole, on the ground, among other grounds alleged, that said amended petition "sets up a cause of action not embraced in the original petition, and is a departure from the original cause of action, in this, that the said original petition was based upon the provisions of Sections 1834, 1835 and 1836, Revised Statutes of Missouri 1919, and asked compensation at law for improvements made on the land in controversy, while the said cause of the amended petition is founded in equity, and is not based upon the provisions of said sections; but asks for relief not provided for, or embraced, in said sections." This motion was overruled. Anderson duly excepted, but the ruling is here challenged only on the ground that "it appeared on the face of the petition that plaintiff had surrendered possession," and upon a consideration of that ground only we have upheld the ruling of the trial court. Defendant then filed his motion to strike out certain parts of the amended petition, which was sustained in part as aforesaid, and defendant thereupon filed his second amended answer, which contained a general denial, matter responsive to the above remaining allegations of the second amended petition, and some

new matter. Plaintiff filed reply containing a general denial and matter responsive to the new matter alleged in defendant's second amended answer. Defendant filed motion to strike out parts of plaintiff's reply, which motion was overruled.

It seems clear from the foregoing that the allegations and prayer of Sutton's second amended petition were more comprehensive than they would have been if the proceeding had been solely under the statute. It must be remembered that following our declaration of law in Sutton v. Anderson, 316 Mo. 1058, 1066, 293 S. W. 770, 773, 774, supra, that Sutton's surrender of possession of the land "could not affect his pending suit to recover the reasonable value of improvements, for which he would have been entitled to recover, if he had not made such surrender," he had yielded possession and could no longer stand upon his original petition, based, as it was, upon his possession of the land, or declare a cause of action strictly in accordance with the statute. Consequently, his amended petition broadly stated the facts disclosing equitable grounds, alleged that he was "entitled to recover of and from the defendant the enhanced value of said farm caused by the improvements made thereon," in the sum of $15,000, and prayed judgment for that amount, and further prayed that said judgment be declared a special lien upon the land and upon the rents and profits held by the circuit clerk. The relief sought was clearly within the allegations of the petition which were put in issue by Anderson's second amended answer, and upon the issues made by all the pleadings aforesaid the case was tried. The following verdict, signed by ten of the jurors was returned without objection on the part of Anderson: "We, the jury, find in favor of the plaintiff and we assess the amount of his recovery at the sum of $12,800." The trial court thereupon gave Sutton part of the relief which he prayed, by entering the aforesaid general or personal judgment in favor of plaintiff and against defendant for the amount of the verdict, but did not declare the judgment a special lien upon the land or upon the rents and profits as Sutton had further prayed. Upon the record before us we are not prepared to say that the general or personal judgment rendered on the verdict is beyond the scope of the pleadings, and we cannot consider mere matters of error not properly raised, preserved and presented.

For the reasons above stated the modified judgment rendered June 23, 1928, is reversed, and the cause remanded to the circuit court with instructions to reinstate the original judgment rendered April 2, 1928, in favor of Sutton and against Anderson for $12,800, as of the date of its rendition. *Ragland, C. J.*, and *Gantt* and *Frank, JJ.*, concur; *White, J.*, dissents; *Walker* and *Blair, JJ.*, absent.