**Lawrence Leslie HARTMAN,
Respondent,**

v.

**Frankie McFADDEN, Appellant.**

**No. 14508.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 10, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 14, 1986.

Application to Transfer Denied
Nov. 18, 1986.

James R. Spradling, Carthage, for appellant.

Gene C. Thompson, Carthage, for respondent.

C. DAVID DARNOLD, Special Judge.

On September 10, 1979, Frankie M. McFadden, as vendor, and Lawrence Leslie Hartman and Debra Sue Hartman, as vendees, entered into a "Contract for Deed". That contract resulted in multi-count litigation in two separate lawsuits which were consolidated for trial. After two jury trials and several appeals, we are now considering whether the judgments granted respondent on Counts I and II of his amended petition can stand. A chronological statement of facts follows.

On March 5, 1982, Lawrence Leslie Hartman, hereinafter referred to as respondent, and his wife, Debra Sue Hartman, filed suit for damages against Frankie McFadden, hereinafter referred to as appellant. On the same day, appellant and her daughter, Ann McFadden McKee, filed suit against respondent and his wife in three counts. Count I was an action to quiet title to the real estate in question on this appeal. Count II was an action in ejectment and for loss of rents and profits to the land subject to this appeal. Count III was for rent due to property not subject to this appeal or the contract for deed. Both suits were consolidated for trial and were tried before a jury on August 25 and 26, 1982. The court directed a verdict in favor of appellant and her daughter, Ann McFadden McKee, as to Count I of their petition being the quiet title suit. On Count II of the appellant's petition, the jury awarded the appellant to recover in ejectment, $200.00 damages and zero dollars monthly value of rents and profits. On Count III of the appellant's petition the jury awarded the plaintiffs zero dollars in rent. The court directed a verdict against respondent and his wife as to Counts III, IV, and V of their petition, but the jury awarded the respondent the sum of $26,000.00 against appellant on Count I of respondent's petition and $100.00 on Count II of his petition. The court granted appellant a new trial in accordance with her request as to Count III of her petition, the loss of rents, and Count I of respondent's petition, which was damages as the result of throwing down gates and fences of respondent.

Respondent subsequently filed a First Amended Petition, in two counts, which is the basis for this appeal. Count I was a

request for damages as a result of appellant allegedly throwing down or opening gates or fences of respondent. Count II was for valuable improvements made to the premises prior to the title being quieted in appellant and an order of ejectment being issued against respondent.

A jury trial was held upon respondent's First Amended Petition on August 15 and 16, 1985. Respondent confessed judgment as to appellant's loss of rents in the amount of $1,500.00 concerning land other than that covered in the contract for deed. The jury rendered a verdict in favor of respondent on Count I of his amended petition for actual damages of $1,251.00 and punitive damages of $500.00. The jury also rendered a verdict in favor of the respondent on Count II of his amended petition in the amount of $17,530.00. The court entered judgment in accordance with the jury's verdict. During the trial the court permitted respondent, over appellant's objection, to introduce evidence of the actual cost of improvements to the real estate under Count II of his petition.

The respondent filed no appeal from the court's directed verdict at the first jury trial as to Count I, being the quiet title suit. The only judgment appealed from was the judgment rendered against appellant on Counts I and II of respondent's first amended petition.

The appellant raises three points on appeal. The first point is that the trial court erred in overruling appellant's motion to dismiss filed before the trial of this cause and in overruling appellant's motion for directed verdict at the close of all the evidence as to Count I of respondent's amended petition because respondent claimed the act of throwing down the gates and fences of respondent by appellant occurred on March 1, 1982, and the trial court had held in this cause that appellant had title to and possession of the premises on November 10, 1981.

As stated, at the first trial of this case, which was tried on August 25th and 26th of 1982, the trial court directed a verdict quieting the title to the premises in ques-

tion in appellant and ordered the possession thereof to be restored to appellant. The allegation in appellant's petition upon which the judgment was granted was that appellant was entitled to possession of the premises on November 10, 1981. Count I of respondent's amended petition based its recovery on § 537.350, RSMo 1978, which provides in part that:

(i)f any person shall voluntarily throw down or open any doors, bars, gates or fences, and leave the same open or down, *other than those that lead into his own enclosure*, ... he shall pay to the party injured the sum of five dollars, and double the amount of damages he shall sustain by reason of such doors, bars, gates and fences having been thrown down or opened, with costs; ... (emphasis added).

Although we do not have a transcript of the first trial before us, respondent accepts the statement of facts in appellant's brief. Respondent testified at the second trial that he received a written notice in the fall of 1981 stating that the appellant was taking charge of her lands. Appellant testified that the respondent told her that he was having marital problems, that his wife was leaving him, and that he just wasn't going to do anything more. Appellant testified that she begged respondent to stay as she needed his help. Obviously at the first trial, in quieting title, the trial court found that the respondent had breached the contract as early as the fall of 1981. Respondent contends that since the trial court did not enter its finding of right to possession until August 25th and 26th of 1982, that the respondent possessed the land until at least that date. Appellant contends that once the trial court determined that she was entitled to possession as of November 10, 1981, that an action under Section 537.350, RSMo 1978, would not lie after that date.

Section 537.350 is an action of trespass for removing certain fencing. It will not lie against the defendant who is in actual possession of the premises on which the fence was built. *Brown v. Carter*, 52

Mo. 46, 48 (1873). In an action brought for trespassing upon realty, defendant may dispute the plaintiff's possessory right by showing that the title and possessory right are vested in himself. *Cox v. Barker*, 81 Mo.App. 181, 183 (1899). The court in *Robinson v. Schiltz*, 135 Mo.App. 32, 115 S.W. 472 (1909) stated that if a fence leads into one's enclosures this statute does not apply.

■ We believe that the trial court's finding that the right to title and right to possession of the premises was effective as of November 10, 1981, is, as a matter of law, a defense to an action under § 537.-350, RSMo 1978, and, therefore, compels reversal of the trial court's judgment as to Count I of respondent's petition for damages.

■ Appellant's second point is that "(t)he trial court erred in overruling appellant's motion to dismiss filed before the trial of this cause and in overruling appellant's motion for directed verdict at the close of the evidence as to Count II of respondent's amended petition in that a vendee in a contract for deed may recoup damages from the vendor for permanent improvements made by him while in possession of the premises only to the extent of the damages recovered on account of the rents and profits by the vendor because appellant as vendor received zero damages for rents and profits."

Appellant's first part of her argument under point two is that the betterment statute, § 524.160, RSMo 1978, does not apply. The respondent states in his brief that the appellant's claim that the respondent is trying to recover under the Missouri Betterment Statute is not correct. Respondent states that a reference to his amended petition will show that § 524.160, RSMo 1978, the Missouri Betterment Statute, is not mentioned. The respondent argues that he is entitled to keep the judgment entered in his favor in Count II of his amended petition pursuant to a common law action. Although the appellant argues in her brief that the Missouri Betterment Statute does not apply, we feel that there is no reason to

spend any time in discussing the issue since the respondent's position is that he is not defending his judgment under the betterment statute. Respondent contends his judgment is based on the common law right to improvements.

This leads us to a review of the common law as to improvements. We do not think that there is any question that the early common law did not allow an occupant to recover improvements. The respondent is correct in that in *Toalson v. Madison*, 307 S.W.2d 32, 34 (Mo.App.1957), the court held that "this Betterment Statute" can not preclude suit for recovery of the value of the improvements made in good faith by a person who thought he was the owner of the premises when the improvements were made with the knowledge of the owner. This court also does not take issue with the statements in respondent's brief that upon the evidence the jury could have found, and obviously did find, in two different jury verdicts, that the improvements were made in good faith by the respondent, who thought he was the owner of the premises, and that the improvements were made with the knowledge of the owner. In the case before us there were no damages awarded in the appellant's count for ejectment as the result of rents and profits.

The common law rule was predicated on the theory that an intruder or occupant should not be paid for improvements not authorized by the owner. Furthermore, the owner of land was entitled to recover rents and profits. *Kisling v. Yoder*, 236 S.W. 860, 867 (Mo. banc 1921); 42 C.J.S. Improvements § 6, p. 428 (1944). In Missouri, the chancery court relaxed this rule by permitting a defendant in an ejectment action to off-set the value of permanent improvements made by him during his occupancy in good faith and with a bonafide belief of his ownership, but only to the extent of the rents and profits claimed, and no further. *Kisling*, supra. This rule still allowed an owner to be enriched to the extent of the value that such permanent improvements exceeded the rents and profits recoverable by such owner.

Appellant's contention is quite simply that the common law rule as modified by the chancery courts in Missouri, as stated in *State v. Jones*, 335 S.W.2d 468 (Mo.App. 1960), is still the law. In *Jones*, the court described the effect of the rule as to permit "set-off or recoupment of the value of the improvements to the extent of the rents or profits demanded by the true owner". 335 S.W.2d at 471. Appellant states that since the jury found that the appellant was not entitled to any rents or profits, the respondent is not entitled to keep his judgment for the improvements as said judgment can be used as a set-off only.

Respondent argues that the appellant is incorrectly interpreting the law as to improvements under the common law as modified by the Missouri Courts. Respondent believes a correct interpretation of the law would allow the respondent to collect his improvements whether or not there were any rents or profits. The respondent contends that the language in *Sutton v. Anderson*, 326 Mo. 304, 31 S.W.2d 1026, 1034 (banc 1930), allows the respondent to file a suit under the common law and recover the value of his improvements over and above any rents or profits which the appellant claims.

In *Sutton v. Anderson*, the court does use the language set out in the respondent's brief. See 31 S.W.2d at 1034. However, the *Sutton* court is quoting an earlier case involving the same parties, cited as *Anderson v. Sutton*, 308 Mo. 406, 275 S.W. 32 (banc 1925). In *Sutton*, the court goes on and states:

> "Even if the above language (in the *Anderson* case) were given the meaning now ascribed to it by Anderson's counsel, it would not be controlling in this case (the *Sutton* case), because the reasoning of that opinion was never endorsed by a majority of the court."

The *Anderson* case involved an instruction which in the opinion of that court should have been given. That instruction was offered as a set-off.

We believe, after reading the more recent cases, including *Toalson v. Madison*, supra, and *Snadon v. Gayer*, 566 S.W.2d 483, 493 (Mo.App.1978), that these later cases adopt the same position that the earlier courts had adopted; the common law in Missouri, as modified by the chancery courts of Missouri, allows the respondent to recover the improvements to the extent that they did not exceed the rents or profits claimed by the appellant. We believe that the trial court therefore did err in not directing a verdict at the close of all the evidence in Count II of respondent's amended petition because the jury in the first trial had already found that the appellant was entitled to no rents or profits, and therefore, there was nothing to set-off against the respondent's judgment for improvements.

Appellant's third point of appeal was an alternative as to point two, stating that the court erred in admitting into evidence the actual value of improvements or the cost of the improvements to respondent. It is not necessary to consider this point in light of our finding as to point two.

The judgments in favor of respondent Lawrence Leslie Hartman and against Frankie McFadden as to Counts I and II of the respondent's amended petition are reversed.

PREWITT, C.J., HOGAN, J., and FLOYD McBRIDE, JOHN C. HOLSTEIN and EUGENE E. REEVES, Special Judges, concur.